**In re RIDDER.**
No. 50.

Circuit Court of Appeals, Second Circuit.
Nov. 4, 1935.

Burnstine, Geist, Netter & Hirst, of New York City (Leo B. Mittelman, of New York City, of counsel), for appellant.

Max D. Steuer, of New York City (Abraham L. Bienstock, of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellant and appellee are husband and wife and have four infant children, the issue of their marriage. Appellee sued in a matrimonial action for separation in the State Supreme Court. A motion was made for counsel fee and alimony. Appellee was allowed $3,000 monthly, as temporary alimony, which the appellant was directed to pay pending a reference to determine his exact means. These hearings proceeded before a referee, but prior to determination, a separation agreement was executed. It provided that the appellant would establish a trust of 45 per cent. of the stock of Ridder Bros., Inc., for the benefit of appellee and her four children, from which he guaranteed an income to the appellee of at least $36,000 a year to be utilized for the support and maintenance of herself and their children and their education. The trustees named in the indenture did not qualify because the stock owned by the appellant was pledged with a bank as collateral security for a loan of Ridder Bros., Inc. Appellant, however, advised appellee that he would pay under the separation agreement, and did so for more than a year, at the rate of $36,000 annually. The moneys thus received were used exclusively by the appellee for her support and that of her children. Appellant fell in arrears in payment, and an action was brought to recover installments for four months, resulting in a judgment in her favor which remains unpaid. Another action was commenced to recover further arrearage of $21,679, which arose between August, 1933,

and October, 1934. This was the subject of the first cause of action alleged; a second cause of action seeks to recover $3,300 which appellant undertook to pay to appellee under the agreement to liquidate an indebtedness, the nature of which is not stated in the agreement.

After the default in the payments due under this agreement, the appellant filed a petition in bankruptcy and was adjudged a bankrupt. The District Court granted an ex parte order staying the appellee from proceeding with her suit on the separation agreement. This stay was later vacated, and appellant seeks now to have it reinstated.

At the time the separation agreement was entered into, the appellee had an action pending against another woman for alienation of affections. The agreement of separation provided for discontinuance of this action as one of the considerations of the husband's promise. The appellee also agreed to relinquish letters containing an agreement by the appellant to deliver certain stock to her and to release him from his obligations thereunder. Nowhere in the agreement, however, is a consideration mentioned supporting a promise to pay other than for the support and maintenance of his wife and children. A paragraph provides that the appellee "shall be entitled to no contribution or provision from the party of the first part (bankrupt) for her support and maintenance or for the support and maintenance of said children other than herein provided," and she was obliged "to use * * * for her support and maintenance and for the support and maintenance and education of said children, issue of the marriage of the parties" all the moneys she received under the agreement, inclusive of income above $36,000, should she receive any. The agreement provides that, "in the event that either of the parties hereto shall obtain a divorce from the other, the provisions of this agreement shall constitute a stipulation in said action in so far as the provision to be made for the support of the party of the second part and of said children."

By the agreement, appellee was obliged to release the defendant in the alienation of affections action and she consented to an adjustment of the rights of the parties as to their personal property. But these benefits accorded to the appellant, under the agreement, including relinquishment by the appellee of the right of sequestration and contempt under the court order for alimony in the event of the appellant's default, formed the basis of the promise of $36,000 yearly for the support and maintenance of appellee and of the children.

This agreement is substantially similar to that passed on by this court in In re Adams, 25 F.(2d) 640, where a stay of the suit was denied.

It is provided by Bankruptcy Act § 17 (2), 11 USCA § 35 (second), that one of the debts not affected by a discharge in bankruptcy is that for "alimony due or to become due, or for maintenance or support of wife or child." In the Adams Case, the husband entered into a contract with his wife by which he promised to pay her an annuity "until her 'death or marriage' which she was to accept 'in full for her support and maintenance.' The contract was not to be 'abrogated * * * by any * * * decree * * * for divorce or separation * * * but the provisions hereof may be incorporated therein at the election of either of the parties.'" In the instant case, we have an annuity arising out of a separation agreement just as there was in the Adams Case. The payments were to continue beyond divorce, here, as in the Adams Case, mutual releases were given, and the parties settled their differences and transferred to each other a list of personal property.

We are referred to Schnitzer v. Buerger, 237 App. Div. 622, 262 N. Y. S. 385. There a separation agreement was incorporated into a court decree in a divorce action. The motion to reduce alimony was denied because the court considered the decree insufficient to support a contempt order, considering it a hybrid contract, embodying a settlement of substantial property rights as well as duties arising from the marital status. From this, it is argued that if the instant case is similarly characterized, it would not fall within the Bankruptcy Act as a nondischargeable debt. The cases are not the same. In the Schnitzer Case substantial property rights were adjusted and there was no restriction upon the use which the wife was to make of the money paid. Here, all the difference arose from the marital status and the payments were for a specific purpose and support. The appellant argues that some part of the payment agreed upon is due because of the appellee's consent to drop her alienation action and her claim for stock. Since it is not shown that this latter claim did

526

not arise from the prior offer of the appellant to discharge his marital obligations, the final agreement may be considered as superseding this. Thus reduced, the argument is, then, since the appellant's agreement was motivated in part by his desire to have the wife drop her alienation suit, the liability which he assumed to make periodic payments. which she was to use for the support and maintenance of herself and children is not a liability for the support and maintenance of the wife and children within the Bankruptcy Act. In In re Warth, 200 F. 408 (C. C. A. 2), a recovery was had for damages for breach of promise accompanied by seduction of an unmarried woman. The Bankruptcy Act at that time made a liability for seduction nondischargeable, but did not mention breach of promise. It was held that where the petitioner recovered a judgment against the bankrupt for breach of marriage promise accompanied by seduction, the real wrong would be regarded as the seduction and the whole judgment therefor an undischargeable debt. And this because in the absence of any showing as to the award for breach of promise, it would be presumed that substantial damages were awarded for the other wrong. To the same effect, see Mohler v. Norris, 291 F. 571 (C. C. A. 8).

The appellant's promise to pay here was substantially for maintenance and support of a wife and children and is not dischargeable in bankruptcy. The stay was therefore properly denied.

Order affirmed.