## No. 14,801.

### URLING *v.* URLING.
(109 P. [2d] 1060)

Decided January 6, 1941.   Rehearing denied February 10, 1941.

Messrs. TWITCHELL, CLARK & ECKLEY, Messrs. ELLIS, MELVILLE & WINNER, for plaintiff in error.

Mr. HARRY BEHM, Mr. CLIFFORD J. GOBBLE, for defendant in error.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

PLAINTIFF in error instituted an action for divorce in the district court. Judgment was rendered granting her a decree on the ground of cruelty, awarding her alimony and support money for a minor son, of whom she was given custody, and attorneys fees. Being dissatisfied with the amount of these allowances she prosecutes a writ of error asking for an increased award of alimony and additional attorneys' fees.

The parties lived together as husband and wife for approximately nine years. At the time of the trial they had lived separate and apart for approximately two years. The child, a son, was then nine years of age. The defendant had two dry ranches, the equities in which, together with the equipment and his personal property, as shown by the evidence, was about $10,000. These properties had come to him, not by reason of his own activities, but as the product of various gifts from his father and mother and other relatives. Defendant had been married before and divorced, and was the father of two sons, now approaching college age, by his former wife. These sons had been supported largely by his former father-in-law. There is some evidence of a nebulous trust fund of $24,000 belonging to them. It is not clear how much, if any, of this fund was held by him, and it is of no materiality to the issues here involved except for such little light as it may throw on his present financial condition. The separation brought about by plaintiff's leaving defendant was fully warranted by his conduct, the sordid and unsavory details of which need not be here narrated. The court found, and we think there is evidence to support its finding, that defendant either had received or shortly would receive from the estate of his mother and his uncle property and money of the approximate value of $206,175. Not all of this property is productive of income. Some of it is real property, which presently does not produce sufficient income to pay the taxes, and some of the securities are somewhat uncertain as to value, and they

may fall below the rather liberally discounted value found by the court or they may rise considerably above it. The plaintiff is a graduate nurse. Following her separation from defendant she worked for two years as an obstetrical nurse in St. Joseph's Hospital, part of the time for $60 a month and part of the time for $65. Her wages, with $25 a month from her husband, supplemented by some amounts received from her father-in-law, were the sole support of herself and her child during this time. Her health failed and at the time of the trial she was not physically able to continue working. She has no independent property or money of her own. The foregoing is a general statement of the financial situation of the parties as disclosed by the evidence.

The court allowed plaintiff's attorneys $800 for their services. She asked for $5,000 as a division of property and the court allowed her $1,500. There were a few medical bills aggregating $200, theretofore contracted by plaintiff for herself and for an operation for the child, that the court ordered defendant to pay. The court further ordered that defendant pay to plaintiff $50 a month for her support and that $50 per month be paid to her for the support of the child until he arrives at the age of fourteen years, and $75 a month from that time until he reaches the age of seventeen years, and then $100 per month until he attains his majority. The court further ordered that such payments be secured by a trust fund to be set up by defendant with the International Trust Company as trustee, the trust to be prepared by said company at defendant's expense in the amount of $30,000, $10,500 to secure the payments to be made for the support of the boy and $19,000 to secure the payments to be made to plaintiff. Such trust was ordered so drawn that defendant might make the payments and be reimbursed from the trust fund at the end of each year, or if he failed so to do that they might be paid from the fund and income thereof by the trustee. Any amount remaining of the $10,500 trust securing the

payments to the boy at the time he became of age was to become the property of defendant. Similarly any part of the trust remaining upon the death or remarriage of plaintiff was to revert to him.

Plaintiff assigns the following errors:

"That the court erred in these particulars:

"1. In refusing to grant a lump-sum alimony award in favor of plaintiff.

"2. In refusing to allow plaintiff more than $50 a month alimony.

"3. In refusing to allow plaintiff more than $1,500 for her equity in defendant's property.

"4. In refusing to allow plaintiff $5,000 for her use in furnishing a home for her son and herself, for creating a reserve fund, and for allowing her to pay indebtedness contracted in connection with her action before suit was instituted.

"5. In granting paragraph 2 of defendant's motion to modify the supplemental decree.

"6. In holding that plaintiff was not over-reached in arriving at exhibit 1.

"7. In refusing to allow additional attorneys' fees to plaintiff.

"8. In ordering that the International Trust Company, trustee, accept the mortgage pools as security under the trust.

"9. In granting defendant visitation and custody rights to the minor child."

██ ██ Unless it shall clearly appear that the trial court, in resolving the problems arising under the evidence appearing in the record, acted unreasonably or arbitrarily in making the orders and awards of which complaint is made, it is not proper for this court to modify or set them aside. There is no difficulty in laying down the rule that governs. There is difficulty in applying it, because what is, and what is not, reasonable and where a reasonable discretion ends and arbitrary action begins are not susceptible of mathematical

demonstration. The application of the rule necessarily introduces the factor of individual judgment, which, as between different persons in the same case, is a variable quantity. We cannot say that the refusal to make a lump sum award of alimony and in fixing plaintiff's alimony at $50 per month, in the light of all the other provisions of the court's orders, was an abuse of discretion. We are of the opinion that a reasonable exercise of discretion under all the evidence in the case required a lump sum award of $5,000 to plaintiff to place her in a position to purchase a small home if she desires—which she could not do out of the allowance made—in order that she and the child may have in some measure what they are debarred from enjoying as members of the family of defendant by reason of his inexcusable conduct. Upon this amount should be credited the $1,500 heretofore ordered paid to plaintiff by defendant, which payment the record discloses has been made.

Complaint is made of the entry of an order permitting defendant to deposit as the corpus of the trust defendant's interest in a certain mortgage pool of the face value of $80,000, but distributed in the estates from which defendant receives it on a valuation basis of $32,000. The estate taxing authorities refused to value this at less than seventy per cent of its face value. The additional discount of thirty per cent was for liquidation purposes. Under all the facts of the case we are not able to say that the court abused its discretion in making such order. The trust was ordered to be so drawn that payments therefrom are secured for the period of plaintiff's expectancy, and defendant, if he shall make the payments ordered, is permitted to draw from the corpus each year, with permission of the court, such amount as is represented by the ratio that one year bears to plaintiff's present expectancy, under the American mortality tables, of thirty years, together with the interest. This is, however, to be done subject to the approval of the

court. We think the court should not, in the exercise of its discretion, permit a withdrawal by defendant of to exceed $600 annually of principal and corpus until there shall be an accumulation of principal sufficient to provide for the annual payments for at least five years beyond the period of plaintiff's present life expectancy, at which time, if defendant shall make the payments as ordered, he might, subject to the approval of the court, be permitted to withdraw $600 annually at the end of each year with any interest for the preceding year. This will give plaintiff an additional protection against depreciation of corpus, if such there shall be, and if none, protection in payments for an additional period of five years if she shall live beyond the period of her life expectancy. This we think is justified by the clear evidence contained in the record of defendant's utter incompetency and improvidence in financial matters.

With respect to visitation and temporary custody of the child we are not disposed to interfere with the order as made. It is subject to modification by the trial court at any time. If any evidence of failure by the defendant so to exercise the privilege granted consistent with the moral and physical welfare of the child shall be presented to the court, in the light of defendant's past conduct the court should, and we doubt not will, lend a willing ear and act promptly to deny or so to restrict the privilege as the welfare of the child may require.

The judgment of the trial court is affirmed except in so far as in conflict with the views expressed in this opinion, and to that extent it is reversed. The cause is remanded for further proceedings consistent with this opinion.

Mr. Justice Knous dissents.

Mr. Justice Francis E. Bouck not participating.