### In re BRENNEN.
### No. 40010.

District Court, E. D. New York.
July 9, 1941.
As Amended Aug. 12, 1941.

---

[1] No opinion for publication.

Harry Kamer, of New York City, for bankrupt.

William Joachim, of New York City, for Jane A. Brennen.

ABRUZZO, District Judge.

This is a motion for a permanent order restraining the bankrupt's employer and the Sheriff of Queens County, from making any deductions from the bankrupt's earnings by virtue of a levy made by the Sheriff of Queens County under an execution against the bankrupt's wages issued upon a judgment entered in the office of the County Clerk of Kings County on July 5, 1940.

The basis of the judgment referred to consists of counsel fees allowed to an attorney in a matrimonial action in which the bankrupt was the defendant. The Supreme Court, Kings County, State of New York, denied the bankrupt's motion to prevent the collection of this judgment; and held, on June 9, 1941, that counsel fees in a divorce action awarded to the bankrupt's wife are not provable in bankruptcy and are not dischargeable in bankruptcy.

Actually, the order of garnishee was obtained on the basis that the prior order of the Supreme Court had not been complied with and the bankrupt could have been held in contempt of Court for failure to do so.

It is the contention of the bankrupt that an attorney has no greater rights or privileges than a tradesman or any other creditor so far as the exceptions to dischargeability are concerned. This theory seems untenable. Nothing can be found by either attorney or the Court for authority directly with it.

Counsel fees granted in a matrimonial matter are not a debt dischargeable in bankruptcy. The New York State Statute, Article 70, Civil Practice Act, Section 1169 (Gilbert and Bliss, Volume 6, page 115), permitting counsel fees to a wife in a matrimonial action, intends that she be properly defended; and for that defense, the statute provides that the husband may be made to pay this fee; and for his failure to do so, he is amenable to a motion to punish him for contempt of Court and jailed. To discharge the debt in bankruptcy would deprive the wife of the benefits of the State statute, and nullify the effect of the statute.

In view of the fact that the bankrupt is voluntarily in contempt of Court for failure to deposit the $2 per week as ordered by this Court; and also in voluntary contempt of the Supreme Court, as a result of which the garnishee was levied, the Court does not believe that this debt is dischargeable in bankruptcy.

The Bankruptcy Statute did not intend that debts, arising out of an order of the Supreme Court in a matrimonial action, be discharged in bankruptcy. It has been held repeatedly that alimony cannot be discharged in bankruptcy. Counsel fees are somewhat akin to alimony as both arise out of statutory provisions in the State law.

For these reasons the motion must be denied.