## In re 4145 BROADWAY HOTEL CO.
## THOMAS v. ROSSETTER et al.
### No. 7763.

Circuit Court of Appeals, Seventh Circuit.

Dec. 9, 1941.

Lloyd C. Whitman and Arthur S. Freeman, both of Chicago, Ill., for appellant.

Isaac E. Ferguson and Bernard Nath, both of Chicago, Ill., for appellees.

Before EVANS, KERNER, and MINTON, Circuit Judges.

PER CURIAM.

The order before us was entered in a proceeding for the reorganization of the debtor corporation under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. A history of the debtor proceedings will be found in 100 F.2d 7 and 117 F.2d 639. Appellees are trustees of the debtor corporation. They petitioned the District Court to restrain appellant from prosecuting in the Circuit Court of Cook County, Illinois, a pending libel suit brought by appellant against the appellees personally and William F. Hodgson. On June 2, 1941, the District Court entered the order in question restraining the appellant, until further order of the court, from in any way prosecuting or attempting to prosecute, or from taking any action in the State Court proceeding.

Section 265 of the Judicial Code, 28 U.S.C.A. § 379 provides: "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The suit commenced by the appellant in the Circuit Court of Cook County, Illinois, was not a suit in which the plaintiff (appellant here) sought to interfere with property in the custody of the bankruptcy court, nor was the restraining order necessary to effectuate any decree entered by the District Court in the reorganization proceeding. The state court case was an action in tort brought against the appellees personally and against one Hodgson, for which Thomas sought a judgment

892

against the defendants for their wrongful acts. In the complaint filed in that suit the defendants were charged with having published certain false, libelous and scandalous utterances of and concerning the plaintiff (appellant), thereby greatly injuring his reputation and business.

Recently the Supreme Court had occasion to speak regarding § 265 of the Judicial Code. It said: "* * * the purpose and direction underlying the provision is manifest from its terms: proceedings in the state courts should be free from interference by federal injunction. The provision expresses on its face the duty of 'hands off' by the federal courts in the use of the injunction to stay litigation in a state court." Toucey v. New York Life Ins. Co., 62 S.Ct. 139, 143, 86 L.Ed. ——, decided November 17, 1941.

The order of the District Court is reversed, and the restraining order is dissolved.