No. 15,861.

ZOOK v. ZOOK.
(195 P. [2d] 387)

Decided June 1, 1948.   Rehearing denied July 6, 1948.

Mr. BENJAMIN C. HILLIARD, JR., Mr. CHARLES F. KEEN, for plaintiff in error.

Mr. HARRY S. PETERSEN, for defendant in error.

*In Department.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

WE hereinafter refer to plaintiff in error as plaintiff, and to defendant in error as defendant. This action involves money payments in a divorce case. It is contended that the trial court abused its discretion: (1) In fixing plaintiff's alimony at $125.00 per month; (2) her attorney fees at $350.00, and (3) in refusing to allow her a lump sum amount in addition to periodic payments. Defendant files a cross specification in which he alleges that the court erred in holding that the payments made were alimony and not support money.

Plaintiff and defendant were married February 20, 1921, and there is one child, the issue of said marriage, born January 1, 1926. They entered into a purported separation and property settlement agreement August 31, 1933, under the terms of which the custody of the child was given to plaintiff wife and, "as and for support money and alimony, and for support of the minor son of the parties hereto," she was awarded "the sum of Fifty-five Dollars ($55.00) per month." April 6, 1934, a final decree of divorce from defendant was issued to plaintiff by the court, and custody of their child was awarded her "as per stipulation on file." Subsequently citation for contempt was issued against defendant for failure to make payments in accordance with the separation agreement, and plaintiff filed a petition for "permanent support money for herself and minor son." Thereafter and on October 5, 1934, the court entered an order, "that the defendant pay to the plaintiff the sum of $30.00 per month as alimony beginning September 1st, 1934 * * * until the further order of the Court." September 17, 1945, a motion by plaintiff to modify the decree was filed, the stated ground therefor being, that defendant's income had measurably increased and that the amount he was paying her was disproportionate to his income and her needs. Defendant filed a motion to strike this motion on the ground that the court was without jurisdiction to entertain it for the reason that the original stipulation between the parties made no provision for alimony, but only for the payment of support money for their minor child, which motion the court overruled.

I. Alimony or Support Money.

In the separation agreement defendant stipulated to pay alimony and support money for his wife and minor son. Under an order of court dated October 5, 1934, he paid plaintiff alimony in the sum of thirty dollars per month for more than eleven years. Payments under said order were being made when the motion of plaintiff for modification of the same was filed in September, 1945.

In view of these facts, the court was right in holding that the payments made were alimony.

■■ II. Amount of Alimony.

More than forty years ago we announced the doctrine in *Stevens v. Stevens,* 31 Colo. 188, 72 Pac. 1061, that the court has continuing jurisdiction of the payment of alimony and may modify decrees relative to the same "as the changed circumstances of the parties may render necessary and just." And we have held: "It is settled law that awarding alimony and fixing the amount thereof rests in the sound discretion of the trial court, and, unless it is made to appear that there has been an abuse of discretion, its judgment will not be disturbed." *Rodgers v. Rodgers,* 102 Colo. 94, 96, 76 P. (2d) 1104. In the case at bar, plaintiff had an annual income of approximately $3,120.00—$1,620.00 from teaching school and $1,500.00 from defendant. Defendant was in the automobile tire and repair business. He did that kind of work under contract for the government during the war, but at the time of the trial of this case these contracts had expired. While his income apparently had been around $2,000.00 per month, what it would be in the future by reason of the transition to peacetime operations was problematical. It is claimed that he had accumulated an estate of $131,000.00. These figures are disputed. Defendant has been married twice since plaintiff secured her decree of divorce from him, and in the meantime their son has become of age. The court had authority to modify the former decree and enter an order that defendant pay plaintiff such sum as alimony, payable in the future, as the changed circumstances of the parties "may render necessary and just."

In view of the facts here presented, we are of the opinion that the court did not abuse its discretion in fixing the alimony payments at $125.00 per month.

III. Attorney Fees and Lump Sum Award.

■ (a) Trial court. The court fixed plaintiff's attor-

ney fees at $350.00. He knew what services they had rendered, and fixed the amount of the fee. In our opinion, in fixing the sum awarded and entering the order thereon, the court did not abuse its discretion.

■ (b) Fees in This Court. The trial court refused plaintiff's application for attorney fees and costs to be occasioned in bringing the proceedings here for review. Plaintiff's income, as we have noted, is $3,120.00 per year. She sued out the writ of error, which she of course had a right to do, but it was at her own election. The case of *Shapiro v. Shapiro*, 115 Colo. 498, 175 P. (2d) 386, is cited as supporting her application. But the facts in the two cases are altogether different. Here, plaintiff appeals from a judgment in her favor; there defendant sought a reversal of a judgment against him. The very first sentence of the opinion reads: "Defendant Max S. Shapiro here seeks review of a judgment for alimony entered against him on petition for accounting in an action brought by his wife, Mary E. Shapiro, for divorce." In that case plaintiff was compelled to appear in this court by reason of a writ of error procured by the husband for the purpose of having reviewed a judgment for alimony entered against him, and the court held that she was entitled to recover her court costs and attorney fees. Obviously, that is not the situation presented in the present case. We approve the judgment of the court in denying the application.

■ (c) Finally, plaintiff made application for a lump sum award of $15,000 to $20,000 to be used in the purchase of a home and furniture, and *Urling v. Urling*, 107 Colo. 186, 190, 109 P. (2d) 1060, is cited in support of the application. The court, we think, acted correctly in denying the motion. In the Urling case plaintiff had the custody of their nine-year-old child and needed a home; but here, the son has become of age and there is no question of care or custody of a minor involved. What we said in the Urling case at page 189, however, is par-

ticularly applicable here: "Unless it shall clearly appear that the trial court, in resolving the problems arising under the evidence appearing in the record, acted unreasonably or arbitrarily in making the orders and awards of which complaint is made, it is not proper for this court to modify or set them aside. There is no difficulty in laying down the rule that governs. There is difficulty in applying it, because what is, and what is not, reasonable and where a reasonable discretion ends and arbitrary action begins are not susceptible of mathematical demonstration. The application of the rule necessarily introduces the factor of individual judgment, which, as between different persons in the same case, is a variable quantity."

The judgment is affirmed.

Mr. Chief Justice Burke and Mr. Justice Jackson concur.