No. 17,429.

BIELER *v.* BIELER.
(272 P. [2d] 636)

Decided July 12, 1954.

18

Mr. F. W. HARDING, Mr. G. E. BOATRIGHT, for plaintiff in error.

Mr. BENJAMIN E. SWEET, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

THIS is an action for divorce brought by the wife on the ground of cruelty. While there was included a prayer for temporary alimony and attorney fees, the complaint alleged that plaintiff was then gainfully employed. However, some four months later, plaintiff filed her affidavit setting forth her assets, income and liabilities, and alleging that she was then unemployed and unable for some time to be engaged in any gainful employment, because of her physical condition and advice of physicians. Thereafter, upon hearing plaintiff's application, the court awarded her $55 per week, together with $200 for temporary attorney fees. Such award is here challenged, upon the grounds: (1) That pleadings do not entitle plaintiff to such relief; and (2) that the record shows that she is not destitute of the means of subsistence to entitle her to such relief.

██ ██ As to the first grounds: Right to temporary alimony arises out of the legal obligation of the husband to support the wife. Such obligation may exist at the time of the filing of the complaint or it may arise afterwards. It is an ancillary matter when sought to be enforced in a divorce proceeding and the right of enforcement does not depend necessarily upon the situation of the parties at the time of the filing of the suit, but upon the condition at the time it is sought. Therefore, the pleadings to be considered include the application papers as well as the complaint in the action and, under our notice form of pleadings, it is not necessary to set out the facts upon which the application is based.

As to the second ground: The evidence before the court showed that plaintiff had remained living in the little family home in which she owned a one-half interest; that in addition to such interest and furniture, household goods, clothing, jewelry and a Ford car, she owned $2500.00 in government bonds and approximately $1000.00 in savings account and bank account, and that her mother, who lived with her, paid her from $55.00 to $75.00 per month. Against this she showed debts in excess of $600.00, all apparently for care of herself and property.

The record showed that the husband had assets other than furniture and tools totalling more than $75,000.00, largely consisting of rental properties, and liabilities of under $9,000.00, largely consisting of mortgage debts; that he was a practicing architect and that his net income before income taxes in 1953 was about $9,400.00, and the gross rental from his properties exceeded $600.00 monthly. There are no children.

██ It is the purpose of temporary alimony and attorney fees to place the wife on an equal footing with her husband for her support and her maintenance of the proceeding. *Daniels v. Daniels*, 9 Colo. 133, 10 Pac. 657. It does not depend on the merits of the case. Ordinarily, she is not required to sacrifice her assets, particularly

if small, in order to support herself and maintain her suit. "The manifest purposes of pendente lite allowances to a wife are to enable her to live in her accustomed manner pending the disposition of the action and to provide her with whatever is needed by her to litigate properly her side of the controversy * * *. If she possesses independent means sufficient for these purposes the allowances should not be granted. * * * However, she is not required first to impair the capital of her separate estate." *Loeb v. Loeb,* 84 Cal. App. (2d) 141, 190 P. (2d) 246. The amount of the award is a matter of the trial court's discretion, and will not be disturbed except on clear showing of abuse of discretion. No abuse of discretion here appears.

The order of the trial court for payment of temporary alimony and attorney fees is affirmed; our order that payments made thereunder be retained by the clerk is revoked; and the clerk of the trial court is ordered to pay to plaintiff forthwith all monies retained by him thereunder.