No. 17,939.

PEARL J. FITCHETT *v.* JOHN ALDEN FITCHETT.

(320 P. [2d] 339)

Decided January 13, 1958.

Mr. JOHN T. DUGAN, for plaintiff in error.

Mr. RAYMOND D. BUCKLES, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error were husband and wife until an interlocutory decree of divorce became final.

The interlocutory decree provided that defendant [husband] pay into the registry of the court $87.50 semi-monthly "pending the further order of the court and the

entry of the Final Decree of divorce herein." This order manifestly was support money for the wife though not so specified.

Later the wife filed a petition for a division of property and for permanent alimony.

Hearing was had on this application following which the trial judge awarded to the wife the family residence in which she was living, and against which there was an encumbrance of some $4,800, together with the household goods and furniture owned by the parties, totaling in value, as found by the trial court, $18,000.00. The trial court also found that the wife was able-bodied and qualified to support herself as a comptometer operator, in which work she was skilled, and had from time to time been employed. He also determined from the record that the previous order for support money of plaintiff wife by its terms terminated with the entry of the final decree.

Counsel for the wife bring the case here contending the trial court "acted arbitrarily and capriciously, and abused its discretion" because he did not require the husband to pay the existing encumbrance on the residence and did not award the wife any interest in certain life insurance policies on the life of her former husband and in a retirement fund set up by the husband's employer.

In *Zook v. Zook,* 118 Colo. 299, 195 P. (2d) 387 the doctrine stated in *Urling v. Urling,* 107 Colo. 186, 109 P. (2d) 1060 was approved. In the Urling case this court said: "* * * unless it shall clearly appear that the trial court, in resolving the problems arising under the evidence appearing in the record, acted unreasonably or arbitrarily in making the orders and awards of which complaint is made, it is not proper for this court to modify them or set them aside. There is no difficulty in laying down the rule that governs. There is difficulty in applying it, because what is, and what is not, reasonable and where a reasonable discretion ends and arbitrary

action begins are not susceptible of mathematical demonstration. The application of the rule necessarily introduces the factor of individual judgment, which, as between different persons in the same case, is a variable quantity."

This rule is pertinent and applicable in the instant case.

We have carefully reviewed the entire record and commend the wife's counsel for the tenacity with which he pursued this matter, and which culminated in the trial judge remarking: "Do you want me to give everything to the wife and leave this man without anything?"

We observe nothing which would justify the claim of counsel that the trial judge acted arbitrarily, capriciously or abused his sound discretion.

The judgment is affirmed.