No. 18,792.

LEO R. LANZ *v.* SHIRLEY M. LANZ
(351 P. [2d] 845)

Decided May 9, 1960.

Messrs. MOSKO & SLATKIN, Mr. WILLIAM L. BROMBERG, for plaintiff in error.

Messrs. MELLMAN, MELLMAN & THORN, for defendant in error.

*In Department.*

PER CURIAM.

PLAINTIFF in error was defendant and defendant in error was plaintiff in the trial court, and will be referred to as they there appeared.

Plaintiff brought her action for separate maintenance and filed a motion for temporary support payments. Defendant was then and still is in the military service with a rank of Sergeant, 1st Class, and is entitled to a Class Q allotment, payable to his wife and three minor children. He receives as base pay $222.00 per month; $96.90 is paid by the Government toward the Class Q allotment and $80.00 of defendant's pay is deducted for this purpose. Thus plaintiff receives $96.90, plus $80.00, or a total of $176.90 per month.

At the hearing on the motion for temporary support the trial court ordered defendant to pay an additional $50.00 per month. Thus under the order complained of plaintiff will receive a total of $226.90 per month as temporary support. The effect of this order is to deduct a total of $130.00 from defendant's base pay of $222.00, leaving him a balance of $92.00 per month.

In addition the court ordered attorney fees payable to

plaintiff's attorney in the amount of $150.00, payable in 90 days. Defendant, claiming that the amounts allowed are excessive and constitute an abuse of discretion by the trial court, brings the matter here by writ of error.

The record before us reveals that at the time it was made the trial court's action was supported by the evidence and can be said to have been reasonable and consistent with the needs of the plaintiff and the ability of the defendant to pay. We point out that this was only a temporary order, and that either party has the right to seek modification upon a showing of changed circumstances.

A pertinent part of the evidence below was that defendant was anticipating a pay increase within a few weeks, making his total pay approximately $245.00 per month. It also appeared that plaintiff has a continuing house payment of $100.00 per month plus utilities, together with food and clothing for herself and three minor children. Being in military service, the defendant's food and shelter are furnished by the Army; he purchases his own clothing, however, for which he draws an additional allowance of $5.40 per month. In view of all the circumstances we cannot say that the trial court acted unreasonably or arbitrarily in making the awards.

Several decisions of this court make it clear that an award of alimony or support money rests within the discretion of the trial court and will not be disturbed except on a clear showing of abuse of discretion. *Bieler v. Bieler,* 130 Colo. 17, 272 P. (2d) 636; *Urling v. Urling,* 107 Colo. 186, 109 P. (2d) 1060; *Zook v. Zook,* 118 Colo. 299, 195 P. (2d) 387 and *Fitchett v. Fitchett,* 136 Colo. 590, 320 P. (2d) 339.

The judgment of the trial court is affirmed.

Mr. Chief Justice Sutton, Mr. Justice Moore and Mr. Justice Frantz concur.