Nos. 20,128 and 20,229.

ALTA J. ALLISON *v.* WILLIAM J. ALLISON.
BARBARA JEAN FREEMAN *v.* WILLIAM DALTON FREEMAN.
(372 P. [2d] 946)

Decided July 2, 1962.

Mr. SAMUEL BERMAN, for plaintiffs in error.

No appearance for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE DAY delivered the opinion of the Court.

The writs of error before us, although directed to separate judgments entered by the trial court in separate cases, present a single question of law, and we have

permitted the matter to be presented in one brief by counsel representing both plaintiffs in error.

Plaintiffs in error Allison and Freeman, in separate actions, were each granted final decrees of divorce, which decrees contained the following order:

"It is further ordered that the Defendant pay to Dawkins and Berman, attorneys for the Plaintiff, the sum of $225.00 plus $16.00 costs, or a total of $241.00, payable at the rate of $25.00 per month, commencing on the 15th day of December, 1960, and said payments to continue until fully paid."

Thereafter, when both Mr. Allison and Mr. Freeman, to whom we will refer as defendants, defaulted in their payments, citations for contempt of court were issued against both, at separate times, and on separate dates. In both cases the defendants exhibited to the trial court papers indicating that they had each been given a discharge in bankruptcy. The amount of the attorney fees directed under the court order were listed among the debts in both bankruptcy proceedings. The court thereupon exonerated both defendants of contempt, ruled that the discharge in bankruptcy was controlling, and dismissed the contempt citation, to which judgments and orders the plaintiffs in error direct these writs of error.

The sole question to be determined is whether an order for payment of counsel fees decreed by the court to a wife in a divorce action is a debt dischargeable in bankruptcy. The precise question is one of first impression in Colorado. However, the point has been litigated in several states having statutes almost identical to 1960 Perm. Supp., C.R.S. '53, 46-1-5, which provides:

"Alimony — custody of children — property division (1) (a) At all times after the filing of a complaint, whether before or after the issuance of a divorce decree, the court may make such orders, if any, as the circumstances of the case may warrant for:

(b) Custody of minor children;

(c) Care and support of children dependent upon the parent or parents for support;

(d) Alimony;

(e) *Suit money, court costs, and attorney fees;* and

(f) Any other matters (except division of property) in controversy between the parties. * * *" (Emphasis supplied.)

██ In all the cases examined it was held that an allowance for counsel fees, being for the benefit of the wife to put her in a position to litigate on the same footing as the husband, is made on the same basis as alimony or other forms of support by the husband to the wife. Colorado adheres to the rule. *Bieler v. Bieler,* 130 Colo. 17, 272 P. (2d) 636. Typical of the reasoning of the courts is *Merriman v. Hawbaker,* 5 F. Supp. 432, 24 American Bankruptcy Reports (New Series) 452, an Illinois case, as follows:

"* * * that it was the intent of the Legislature that an order allowing to the plaintiff money for her solicitors' fees should be treated in exactly the same manner, stand upon the same footing, and have actually the same legal characterization and qualities as an allowance for money to buy food or groceries. All legislation in this respect springs out of the universally recognized duty of a husband to support his wife. The allowance to her for solicitors' fees is based upon the same underlying thought as is an allowance to her to buy food, shelter and clothing. It is fixed within the discretion of the court. It is enforceable by contempt. * * * It has obviously all the qualities of an allowance for support commonly termed 'alimony.' A judgment for alimony being nondischargeable, it follows that an order to pay the wife her solicitors' fees is likewise undischargeable. It may be provable [Heimberger vs. Joseph (C.C.A.) 55 F. (2d) 171], but it has none of the qualities required to make it dischargeable. * * *"

It follows that counsel fees being similarly regarded in Colorado are not dischargeable here. See also: *Ross*

380

*v. Keith*, 265 N.Y.S. 246, 23 American Bankruptcy Reports (New Series) 389, 238 App. Div. 640; *In Re Ridder* (2nd Cir.) 79 F. (2d) 524, 103 A.L.R. 719; *Damon v. Damon*, 283 F. (2d) 571; *In Re Gorski*, 25 Fed. Supp. 551.

The judgments of the trial court are reversed with directions to reinstate the orders for counsel fees with interest from the date of the first order, and to permit enforcement of the same by contempt or other appropriate proceedings.

Mr. Justice Hall dissents.