Guillermo **GONZALEZ HERNANDEZ**, Debtor, Appellant,

v.

Jacqueline **BORGOS**, Petitioner, Appellee.

No. 6341.

United States Court of Appeals First Circuit.

Heard Feb. 2, 1965.

Decided April 13, 1965.

**804**

Garrard Harris, San Juan, P. R., for appellant.

A. J. Amadeo-Murga, Santurce, P. R., for appellee.

Before ALDRICH, Chief Judge, MARIS,* Circuit Judge, and FORD, District Judge.

MARIS, Circuit Judge.

Guillermo Gonzalez Hernandez, the debtor in a proceeding instituted by him for a real property arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq., has appealed from a judgment of the District Court for the District of Puerto Rico, which vacated and set aside the order of the referee in bankruptcy confirming the arrangement proposed by the debtor. The district court held that the referee had erred in concluding that the arrangement had been proposed in good faith and the matter was remanded to the referee for further proceedings. The debtor also appeals from the judgment insofar as it vacated in part another order of the referee in which Jacqueline Borgos, also known as Maria J. Borgos Taboas, the former wife of the debtor, was stayed from proceeding against the debtor for arrears of support for their children in the courts of the Commonwealth of Puerto Rico and from attaching his property to secure the amount claimed.

Briefly, the arrangement proposed by the debtor was, for a period of not less than 10 years and possibly for 20 years, to place in the hands of a trustee practically all the property and assets belonging to the debtor with the exception of his furniture, fixtures, personal goods, household effects and those annual rents which had previously been assigned to Luce & Co. S. en C. The plan further proposed that Luce & Co. would provide the money to pay in full all creditors whose rights were not altered or modified by the plan. The trust would then be indebted to Luce & Co., the sole secured creditor, in the total amount of $241,606.54. The trustee would have broad powers to sell, lease and encumber the properties and to collect all rents and profits out of which Luce & Co. would receive annual payments in the amount of $21,000 to be applied to the principal and interest. The trustee would also pay the sum of $6,500 annually for the debtor's income and property taxes, pay the debtor's living expenses in an amount "not to exceed $6,000 per annum". Any remaining balance would be paid to Luce & Co. to be applied to the debt and interest thereon. It was further proposed that the debtor would have the use, without cost, of his house in Salinas and the use of motor vehicles, also without cost.

The referee, in his order confirming the arrangement, found that all creditors affected thereby had accepted the plan in writing, that the deposit required for priority claims, fees and costs had been made, and concluded that "said arrangement and acceptance are equitable and in good faith, and have not been made or procured by any means, promises or acts forbidden by said Act".

By a divorce decree of the Superior Court of Puerto Rico in 1960, the debtor was required to pay Mrs. Borgos the sum of $600 per month for the support of their three children, but the debtor was about one year in arrears in these payments at the time his proceedings for an arrangement were brought. Mrs. Borgos filed a proof of claim with the referee which was allowed in the amount of $5,235.00. During the pendency of these proceedings, she brought suit in the Superior Court of Puerto Rico against the debtor for $7,225 alleged past due pay-

* By special designation.

ments for the support of their children. In this suit the Superior Court upon her motion entered an order for the issuance of an attachment against the debtor's property to secure any judgment which might be entered in the suit. The debtor then moved in the district court for an order staying the proceedings in the Superior Court. The referee made an order directing that all action in the suit in the Superior Court including the attachment of any property of the debtor be stayed until further order.

Mrs. Borgos then sought review in the district court of the two orders of the referee, the one confirming the arrangement and the other staying her action in the Superior Court. Her objection to the confirmation of the plan was based on the fact that the debtor was provided a monthly income of only $500 from the income derived from his assets, which assets were to be placed in trust, thus failing to provide sufficient income to permit debtor to comply with the decree directing him to make the monthly payments of $600 for the support for his children which the Superior Court had ordered him to make. The district court found that the arrangement had the effect of giving to the debtor, under color of the Bankruptcy Act, a means of avoiding enforcement of his obligation to support and educate his children. The court concluded that the plan was not equitable and had not been proposed in good faith and that accordingly it was not in conformity with the Bankruptcy Act. The order of confirmation was, therefore, vacated and set aside and the matter remanded to the referee for further proceedings.

In respect to the other order under review the district court concluded that the referee had erred in staying Mrs. Borgos from prosecuting her suit in the Superior Court against the debtor. That portion of the stay order was vacated and set aside. The court, however, continued in force until further order of the referee or the district court that part of the order which enjoined Mrs. Borgos from attaching the debtor's property.

█ The debtor's principal contention upon his appeal from the order vacating the confirmation of the arrangement is that the district court had no power under the Bankruptcy Act to take into consideration an obligation for future support for which no proof of claim had been filed. We do not agree that the provisions of Chapter XII of the Bankruptcy Act are to be so narrowly construed. The fact that two-thirds, or even all, of the creditors who have filed proofs of claim may have accepted a proposed arrangement under Chapter XII does not, ipso facto, require the confirmation of the arrangement. Chapter XII places the duty upon the district court to consider whether the arrangement complies with all the statutory requisites before it may be confirmed. Among these are that "it is for the best interests of creditors" and is proposed "in good faith." 11 U.S. C.A. § 872. Chapter XII contemplates that the interests of creditors holding "claims of whatever character" are to be considered in this connection when they are against a debtor or his property, whether or not such claims are provable in ordinary bankruptcy and whether secured or unsecured, liquidated or unliquidated, fixed or contingent, and provided only that they will be affected by the arrangement. 11 U.S.C.A. §§ 806(2) and (5), 807, 868. The claims of debtor's children for support and maintenance under the decree of the Superior Court of Puerto Rico, due or to become due, which are nondischargeable obligations under section 17(2), 11 U.S.C.A. § 35(2), are clearly claims within the meaning of Chapter XII which must be taken into consideration in determining whether a real estate arrangement is proposed in good faith and is in the best interests of the creditors.

█ Sound reasons of public policy call for the full recognition of the bankrupt's continuing legal duty to support his dependent children. Accordingly, a Chapter XII proceeding may not be used as a vehicle to place a debtor's assets beyond the reach of his dependent children. On the contrary, the district court must

determine whether the debtor, in all good conscience, has provided for the performance of that duty in his proposed arrangement. If the arrangement is such that it clearly disables the debtor from meeting his obligations in that regard, presently or in the future, it can hardly be regarded as having been proposed in good faith and certainly it could not be regarded as in the best interest of this class of creditors. This does not mean that an arrangement must make specific provision for meeting the debtor's legal obligations for support of his dependent children. But it does mean that the court must consider whether the arrangement is such as to enable the debtor to meet his current and probable future obligations in that regard or whether, on the contrary, it unduly and unnecessarily disables him from meeting those obligations.

■ The debtor argues that an arrangement cannot take the debtor's obligations for alimony and support into consideration since they are not unconditional and unchangeable but may be altered by the court in the light of changed circumstances of the parties. It is quite true that such obligations are subject to modification. But we are not dealing here with a suit to modify the extent of the obligation of the debtor to support his children. It is not for the district court in this proceeding to decide whether they need $600 per month from him or whether, as the debtor asserts, their mother, Mrs. Borgos, is able herself to support them without help from him. These are matters for the Superior Court to determine.

■ Under the arrangement as proposed, the debtor provided for his own comfort and support. He is to receive the use without cost of a house and motor vehicles, the payment of his taxes in the amount of $6,500 annually, and the payment of his living expenses up to $6,000 per annum, or $500 per month. All the remaining income of his property is to be applied by the trustee toward payment of the debt owed to Luce & Co. We cannot say that the district court was

wrong in concluding that the referee erred in finding such an arrangement equitable and proposed in good faith. For the plan failed to take into consideration, in determining the amount of living expenses to be paid to debtor, the living expenses of his dependent children for which he was responsible. The fact that the amount of support needed from him by his children may be reduced in the future does not excuse the fact that the present obligation of the debtor under the court decree was ignored. We conclude the district court was right in setting aside the confirmation of the arrangement and in remanding it for further consideration by the referee.

■ We turn then to the issue raised by the debtor on his appeal from that part of the district court's order vacating the referee's stay of proceedings in the Superior Court except as to the part prohibiting the levying of any attachment on the real or personal property constituting the debtor's estate. The order in question was entered ex parte on the debtor's motion alleging that Mrs. Borgos had instituted suit in the Superior Court of Puerto Rico, San Juan Section, for the collection of $7,225 for past due support payments, and that the court had authorized an attachment to secure the judgment requested. The motion was based on section 428 of the Bankruptcy Act, 11 U.S.C.A. § 828. The referee's order stayed "all action in the suit * * * until further order of this court permitting the continuation of same" and was not limited merely to staying the attachment of property belonging to the debtor. The district court, on review, held that since the claim involved in the local suit was not dischargeable in bankruptcy, the right to bring the action on such claim in the Superior Court was in no way affected by the proceedings under Chapter XII of the Bankruptcy Act and the prosecution of the action on the claim for support of the debtor's children could not be enjoined. However, with respect to so much of the order as enjoined Mrs. Borgos from levying an attachment on the property of the

debtor the district court upheld the referee. We think that the action of the district court was correct. It has been held that an action in a state court against a bankrupt for installments of maintenance and support due before bankruptcy and those accruing afterwards may not be stayed. In re Webber, D.C.N.Y.1933, 4 F.Supp. 106; In re Ridder, 2 Cir. 1935, 79 F.2d 524, 103 A.L.R. 719. Proceedings on a debt which is not dischargeable should not be stayed pending bankruptcy proceedings unless they interfere with the administration of the estate in possession of the bankruptcy court. In re Dowie, D.C.N.Y.1912, 202 F. 816; Gorovitz v. Balkin, D.C.Mass. 1951, 96 F.Supp. 747. See also, Calloway v. Benton, 1948, 336 U.S. 132, 142, 69 S.Ct. 435, 93 L.Ed. 553; In re 4145 Broadway Hotel Co., 7 Cir. 1941, 124 F. 2d 891; In re Magnus Harmonica Corporation, 3 Cir. 1956, 233 F.2d 803, 804.

The purpose of section 2(15) of the Act, which confers power on the court to "make such orders, issue such process, and enter such judgments in addition to those specifically provided for as many be necessary for the enforcement of the provisions" of the Act, 11 U.S.C.A. § 11(15), is to give the court power to protect its custody of the estate and the administration thereof. Obviously, the attachment of property belonging to the debtor's estate in the custody of the court will almost certainly interfere with that custody and with the administration of the estate by the court. Section 428 of Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 828, accordingly provides that unless and until otherwise ordered and after hearing and notice the filing of a petition under that Chapter shall operate as a stay of any action or proceeding to enforce any lien upon the real property of a debtor. An attachment of real property is obviously such a proceeding. The referee was accordingly right, as the district court held, to stay the attachment. But the referee went further, as we have seen, and stayed all proceedings in the litigation in the Superior Court with respect to the debtor's liability for past due payments for his children's support. The mere prosecution of the action in the Superior Court in no way interfered with the administration of the debtor's estate or the consideration of the arrangement and the referee accordingly had no authority to enjoin its prosecution. The district court was right in setting aside that part of the referee's stay order.

The judgment of the district court will be affirmed.