GUILLERMO GONZÁLEZ HERNÁNDEZ, Plaintiff and Appellee, v. MARÍA J. BORGOS TABOAS, Defendant and Appellant.

No. R-65-247.     Decided November 22, 1967.

444

A. J. *Amadeo Murga* for María J. Borgos Taboas. *Garrard Harris* for Guillermo González Hernández.

Second Division composed of Mr. Justice Hernández Matos as Chief Judge of Division, Mr. Justice Santana Becerra,

Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE HERNÁNDEZ MATOS delivered the opinion of the Court.

Although we issued in this case a writ of review, we have decided to consider it as a certiorari proceeding because it involves the validity of a pronouncement of the trial court in an incident of attorney's fees for services rendered to enforce the allowance for support granted by the final judgment rendered in the case.

It appears from the record that the San Juan Part of the Superior Court rendered judgment on February 10, 1960, dissolving the marriage of Guillermo González Hernández and María Joaquina Borgos Taboas on the ground of separation. In said judgment a stipulation of the parties was incorporated by virtue of which plaintiff was bound to pay the sum of $600 monthly for the support of the three children born during marriage.

As of December 1960, the plaintiff filed various petitions requesting that said allowance for support be reduced to $375 and later to $200 monthly. Defendant objected to those motions and requested at the same time an increase in the allowance for support. Since the end of 1962 the plaintiff ceased to pay the whole allowance and by March 31, 1963, the allowances in arrears amounted to $3,825 and by November of that year, to $6,625. Various incidents of contempt were produced as a result of the nonpayment of the allowance, and an action for the recovery thereof.

On June 13, 1963, the plaintiff Guillermo González Hernández filed before the bankruptcy court a petition under chapter XII of the Federal Bankruptcy Act proposing a payment plan for his creditors by virtue of which, for a period of at least 10 years and possibly 20 years, the referee in bankruptcy would possess and administer all of González Hernández' properties with exception of his personal assets,

conferring ample authority to the referee to sell, administer, lease, and mortgage those properties and their income and to pay from the income thereof the principal creditor, Luce & Co., the sum of $21,000 annually to satisfy the principal and interest of his credit of $241,606.54; $6,500 annually would also be paid for income and property tax and a sum of $6,000 annually to Guillermo González Hernández for his personal expenses. Nothing was provided in said plan for the support of the children, nor was authority conferred to any officer to attend the payment of the annual allowance for support granted by the judgment of February 10, 1960.

The referee in bankruptcy determined: (1) that all the creditors affected by the plan had accepted it; (2) that all the deposits for the privileged claims, for services and costs had been made, and (3) that the arrangement had been done equitably and in good faith, and not to perform or try to perform legally prohibited acts. He confirmed said arrangement.

Defendant María Joaquina Borgos Taboas appeared in that proceeding represented by her lawyer A. J. Amadeo Murga, and requested and obtained, from the Judge of the United States District Court for the District of Puerto Rico, that the order of the referee in bankruptcy affirming said arrangement be set aside as well as another order that said officer had issued to stay all proceedings before the local courts, filed by defendant to recover the allowances for support owed. González Hernández appealed from the judgment of that federal court before the Court of Appeals of the United States for the First Circuit. In that appeal she was represented also by the same lawyer. On April 13, 1965, the decisions appealed from were affirmed. In its decision, among other things, the Court of Appeals said:

"Sound reasons of public policy call for the full recognition of the bankrupt's continuing legal duty to support his dependent children. Accordingly, proceeding under the authority of Chap-

ter XII may not be used as a vehicle to place a debtor's assets beyond the reach of his dependent children. On the contrary, the District Court must determine whether the debtor, in all good conscience, has provided for the performance of that duty in his proposed arrangement. If the arrangement is such that it clearly disables the debtor from meeting his obligation in that regard, presently or in the future, it can hardly be regarded as having been proposed in good faith and certainly it could not be regarded as in the best interest of this class of creditors. This does not mean that an arrangement must make specific provision for meeting the debtor's legal obligations for support of his dependent children. But it does mean that the court must consider whether the arrangement is such as to enable the debtor to meet his current and probable future obligations in that regard or whether, on the contrary, it unduly and unnecessarily disables him from meeting those obligations." See *González Hernández* v. *Borgos,* 343 F.2d 802, 805.

On May 4, 1965, defendant filed a motion in the action for divorce requesting that the plaintiff be ordered to pay $8,000 for said professional services. The latter objected "because it was not incumbent on the General Court of Justice of Puerto Rico, but on the federal court to make that decision." Thereafter the defendant informed the Superior Court that she desisted temporarily from the motion in view of said objection and to ask the federal court to fix said fees and order their payment, and if the latter would not order it she would return to said court to request them. The Superior Court made no pronouncement on this point.

The defendant appealed to the bankruptcy court to request the fees. On October 20, 1965, the referee in bankruptcy denied them on the ground that the Federal Bankruptcy Act, §§ 491 and 492, did not give him any power to grant and order the payment of said services but only *"for proper costs and expenses incurred in connection with the administration of an estate in a proceeding under this chapter or in connection with an arrangement confirmed by the court . . . ."*

·: Thus, on October 29, 1965, the San Juan Part of the Superior Court, in the action for divorce, issued certain "Complementary Pronouncements to the Judgment," among them, the following:

: "As to the motion requesting attorney's fees for the professional services rendered by defendant's lawyer in the United States District Court for the District of Puerto Rico, and before the Circuit Court of the First Circuit in case B-29-63, arrangement proceeding filed by plaintiff herein under the provisions of the Bankruptcy Act, THE MOTION IS DENIED. Even if we consider the work of the impeachment of the arrangement plan submitted by the plaintiff herein in that proceeding as part of the defense of the interests of the defendant in her action for claim of support, as said defendant alleges in paragraph three (3) of her motion it is not incumbent upon us to estimate the value of those services or order their payment. Said determination corresponds to the federal court."

.The appellant in this appeal has challenged the former pronouncement and maintains, principally, that the trial court erred in deciding that it was not incumbent upon it to estimate the value of those services, nor order their payment, and that it was the federal court which must estimate and order their payment.

■ In our opinion appellant is right. Since it involves the collection of attorney's fees for services rendered in the defense of the effectiveness of an allowance for support granted in favor of certain minors by a local court, it corresponds to the latter to appraise and order its payment.

· ■ Not all the matters relative to the property of a bankrupt are under the exclusive jurisdiction of the bankruptcy court. This jurisdiction is exclusive only within the field of the proceedings of the Bankruptcy Act, and up to where the statute so indicates.

··· ■ When a creditor seeks to demonstrate that his credit is one of those called nondischargeable under the Bankruptcy

Act, the bankruptcy court does not assume jurisdiction but it is exercised by the state court, and the fact that a debtor has been declared bankrupt does not preclude the creditor from pursuing his claim in a state court when it is alleged that his claim falls within the exceptions to the Act. A discharge is not res judicata as between the creditor and the bankrupt, if the claim of the former is one which is excepted from the Act, either because it is not provable or because it is not dischargeable. That claim does not constitute either a collateral attack upon the discharge if the debt is nonprovable and nondischargeable. See 9 Am. Jur.2d Bankruptcy §§ 744 and 746.

■ Under the Bankruptcy Act the allowance for support for the children and the wife are considered nondischargeable debts, since they are not based on a contract, but on the natural and legal duty of the husband and father to support his wife and children, being always subject to modification by the court depending on the circumstances of the parties. Therefore a bankrupt, in being declared so, is not freed from this obligation (*González Hernández* v. *Borgos*, 343 F.2d 802 (1965) ; Keezer, Marriage and Divorce 640, § 579; 9 Am. Jur.2d § 793, p. 596; *Obligation under property settlement agreement between spouses as dischargeable in bankruptcy*, 74 A.L.R.2d 758).

■ The attorney's fees decreed by court to a plaintiff in a divorce action are considered to partake of the same nature as that of support, and therefore are also nondischargeable within a bankruptcy proceeding. 8 Remington, Bankruptcy Law, § 3340 (6th ed. 1955) ; *Allison* v. *Allison*, 372 P.2d 946 (1962) ; *Damon* v. *Damon*, 283 F.2d 571 (1960) ; *In Re Brennen*, 39 F.Supp. 1022 (1941).

■ Those fees are part of the support for the minor children, no matter the court where the services are rendered. See: *Valdés* v. *District Court*, 67 P.R.R. 288, 299 (1947) ;

*Pérez* v. *District Court*, 69 P.R.R. 4, 19 (1948); *Vargas* v. *Jusino*, 71 P.R.R. 362, 369 (1950); *Conesa* v. *District Court*, 72 P.R.R. 65, 69 (1951); *García* v. *Acevedo*, 78 P.R.R. 580, 587 (1955).

■ As a general rule no attorney's fees can be awarded in bankruptcy proceedings except upon express statutory authorization. (9 Am. Jur:2d Bankruptcy § 1635, p. 1145.) The Bankruptcy Act makes no express provision for the payment of attorney's fees out of the bankrupt's estate to attorneys for nonpetitioning creditors, and such allowances cannot be made on the basis of any inherent equity powers of a bankruptcy court. (9 Am. Jur.2d § 1637, p. 1148.)

In this case Mrs. Borgos is a nonpetitioning creditor and, therefore, the bankruptcy court could not award the attorney's fees even when the court of appeals stated that Mr. González had not acted in good faith in declaring himself bankrupt and in that manner deny support to his children. But this does not mean that Mrs. Borgos could not claim these fees within the action for divorce, prosecuted in the local courts, which was open to everything related to the matter of support.

This type of fees is considered differently from those involved in *Brown* v. *Gerdes*, 321 U.S. 178 (1944), invoked by the appellee.

The professional services rendered by Mr. Amadeo Murga to the mother of the three children of Guillermo González Hernández, before the federal courts, during two years, had as the only aim the protection, effectiveness, and performance of the allowance for support stipulated by the plaintiff father himself and incorporated in the judgment of the Superior Court. We do not doubt that the obligation of paying said services is a binding corollary of the principal obligation of providing support.

In an order of the referee in bankruptcy this officer expressed himself thus as to the quality of those profes-

sional services: "... there is no question that the petitioner's attorney performed excellent services for his client in opposing confirmation ...."

In view of the foregoing, the pronouncement appealed from and challenged in this petition for review will be set aside and reversed, and the original record will be remanded to the trial court so that the latter will proceed to weigh and order the payment of said professional services after a hearing for that purpose.

Mr. Justice Ramírez Bages dissented.

—O—

MR. JUSTICE RAMÍREZ BAGES, dissenting.

San Juan, Puerto Rico, November 22, 1967

I dissent. The professional services rendered to the appellant, which give rise to this ruling, were rendered in the federal courts within a proceeding established by the Bankruptcy Act. In the proceedings directed at challenging the first payment arrangement the trial court granted appellant the costs but not attorney's fees. Later the United States District Court for the District of Puerto Rico affirmed the denial of any attorney's fees for the services rendered to appellant during the prosecution of the action in the federal courts in support of the payment of the allowance for support which was granted to her in the divorce proceeding filed in the trial court. Said decision, although subject to review, cannot be collaterally attacked. *Chicot County Dist.* v. *Bank*, 308 U.S. 371 (1940). In *Brown* v. *Gerdes*, 321 U.S. 178 (1944), it was decided that the bankruptcy court has exclusive jurisdiction to determine the amount which shall be allowed out of the bankrupt estate for services of attorneys who, by authority of the bankruptcy court, represented the respondent company in litigation in a state court, for the purpose of recovering certain claims which the com-

pany had against its former officers and directors. With more reason we must conclude that said jurisdiction is exclusive with relation to the award of fees for services rendered by an attorney in a proceeding established by the Bankruptcy Act in the federal court in question.

The cases cited in the majority opinion do not support its conclusion. In *Allison* v. *Allison*, 372 P.2d 946 (Col. 1962); *Damon* v. *Damon*, 283 F.2d 571 (1st Cir. 1960); and *In Re Brennen*, 39 F.Supp. 1022 (D.C.N.Y. 1941), there were involved, contrary to the case before us, attorney's fees awarded to the plaintiff in an action for divorce by the state court which heard said action and granted the divorce. The complaint having been filed against the husband for these fees, the latter alleged in *Allison*, *supra*, the defense that he had been declared bankrupt. The court concluded in this case that since the attorney's fees in question are granted for the benefit of the wife, they are on the same basis as alimony or other forms of support by the husband to wife, and since a judgment for alimony is nondischargeable, it follows that an order to pay the wife her solicitor's fees is likewise undischargeable. In *Damon* it was said that the attorney's fees are made on the same basis as alimony and therefore the claim for counsel fees is not dischargeable in bankruptcy. Therefore, it was said in this case that the bankrupt could not be discharged, on his application under the Bankruptcy Act for writ of habeas corpus, from imprisonment under execution of judgment for attorney's fees. The *Brennen* case sustains the same principle.

The foregoing cases involved attorney's fees, awarded by the court which heard the divorce, for services rendered in that action, and the question was whether the husband's declaration of bankruptcy did not release him from that judgment, and the answer was no. But, in the case before us attorney's fees were claimed in the federal court for services rendered there in a bankruptcy proceeding to safe-

guard the right of alimony granted to the wife in her action for divorce in the state Superior Court. Since the federal court decided that under the Bankruptcy Act attorney's fees could not be awarded for said services, an appeal was taken to the state court requesting them, and the latter refused with good reason, in my opinion, since it was not proper for the state court to award attorney's fees for services rendered in the federal court, after the latter had denied them.

The cases of *Valdés* v. *District Court*, 67 P.R.R. 288, 291 (1947); *Vargas* v. *Jusino*, 71 P.R.R. 362, 368 (1950); *Conesa* v. *District Court*, 72 P.R.R. 65, 69 (1951); and *García* v. *Acevedo*, 78 P.R.R. 580, 587 (1955), sustain the well-established doctrine in this jurisdiction that in actions for support, attorney's fees are a part of the support to which minor children are entitled under § 142 of the Civil Code (31 L.P.R.A. § 561), even if defendant were not obstinate. In *Pérez* v. *District Court*, 69 P.R.R. 4, 17 (1948), we affirmed the judgment of the judge on vacation of this Court determining that the divorced wife be given an advance payment of certain sums from the property of the community partnership in order to pay for her necessities and for attorney's fees while the principal suit for liquidation of the community property was pending.

But in none of the former cases have we gone so far as to award attorney's fees for services rendered in a bankruptcy proceeding in the federal court, or for such services in any other court, particularly when the former court denied them.