[No. 31094. Department Two. September 29, 1949.]

THE STATE OF WASHINGTON, *on the Relation of Ruby Christine Pearce, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Daniel M. Reaugh* (of *Kellogg, Reaugh & Smith*), for relator.

*E. D. Phelan,* for respondents.

MALLERY, J.—This matter comes to us upon a writ of certiorari, there being no other plain, speedy, and adequate remedy at law.

John Pearce, father of two minor sons by a former marriage, married Ruby Pearce in Seattle, August 29, 1943. They are without issue. July 31, 1948, he commenced this action for divorce. She has made a showing that she is

[1]Reported in 209 P. (2d) 906.

impecunious and resides with her parents on their farm in South Carolina, where they were living when he left her. She has desired to come to him here, but he has not permitted it or supplied funds for her transportation. She asserts a meritorious defense to his action. Through her Seattle attorneys, she has answered and cross-complained. Her attorneys moved for transportation expenses, for support money *pendente lite,* for attorney's fees, and for suit money to meet the expense of taking depositions in Washington and South Carolina. A show cause order issued and, after argument, the court, December 9, 1948, ordered plaintiff to pay one hundred dollars as attorneys' fees. This order specifically denied transportation expenses, money for taking depositions and support money *pendente lite* "at this time" and "pending more detailed showing by the defendant." Plaintiff complied with the order.

The trial was set for June 20, 1949. June 9th, defendant's attorneys served and filed two motions. One was for continuance until July 20th to permit arrangement for defendant's transportation to the trial and the taking of depositions for use in the defense of the action. The other was for allowance of the costs of transportation, subsistence and quarters during travel and trial, and for the expense of taking depositions and of recording her pretrial examination of the plaintiff.

Plaintiff resisted the motions. The gravamen of his affidavits and argument is that he has no property, has unusually burdensome financial responsibilities incident to the care of his incurably crippled son, and that his entire weekly income of fifty-five dollars is consumed by his own living expense and that of his children, so that he cannot pay any of the amounts which defendant seeks. As a concession in resisting the motions, plaintiff admitted that witnesses from whom depositions were sought to be taken at his expense would testify as claimed in defendant's affidavits, and admitted that such evidence might be considered as actually given on trial subject only to his objections as to their admissibility.

All of the facts regarding plaintiff's financial status were disputed. Defendant's affidavits make the contention that plaintiff had in his possession and control several thousand dollars worth of community property in the form of an automobile, savings deposits, insurance policies, and bonds; that he owns four thousand dollars worth of property in the form of equipment; that he earns a weekly wage of seventy-five dollars; and that since their separation he has made extravagant expenditures on liquor and on a Mexican vacation.

June 15th, the court denied defendant's motions, and on June 17th she applied for a writ of certiorari.

■ Section nine of chapter 215 of the Laws of 1949, p. 701, restates the material portions of Rem. Supp. 1947, § 988, which was effective when the ruling here for review was rendered. It requires superior courts in proper cases to make such orders relative to the expenses in a divorce action "as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof." Our cases hold that, in ruling on motions for such allowances, superior courts should exercise their discretion, and that they will not be reversed by this court except for abuse thereof. *Krieger v. Krieger,* 133 Wash. 183, 233 Pac. 306, and the cases cited therein; *State ex rel. Brown v. Superior Court,* 190 Wash. 572, 574, 69 P. (2d) 811; and *State ex rel. Taw v. Shorett,* 33 Wn. (2d) 768, 207 P. (2d) 192.

■ We are not prepared to hold that the trial court abused its discretion in denying an allowance for taking depositions, for recording a pretrial examination of the plaintiff, and for additional attorney's fees. The plaintiff's admissions as to the depositions, his availability for examination at the trial, and the greater enlightenment as to attorney's fees which the court will have *after* the trial, is sufficient to sustain its discretion as exercised on those matters. Accordingly, we affirm the trial court to that extent.

However, even though we assume that the plaintiff is hard pressed financially, his right to *proceed* with his

action is subject to her having an opportunity to defend, since she has made a showing that her absence from this state is without her fault and asserts a meritorious defense which is sufficient to invoke the benefits of the statute. She would be severely hampered if compelled to wage her contest *in absentia.* Moreover, a greater insight as to the merits of the case will be afforded to the trial court by her presence during the trial.

We are constrained to hold that the trial court abused its discretion in not providing for it. She has made a showing that travel, subsistence, and quarters will cost $360 which has not been refuted.

Accordingly, the trial court will enter an order for the amount for that purpose, and further proceedings will be stayed until compliance with the order.

SIMPSON, C. J., GRADY, HILL, and HAMLEY, JJ., concur.