No. 19,431.

Adaline R. Mulhollen *v.* Merle L. Mulhollen.

(358 P. [2d] 887)

Decided February 20, 1961.

Mr. Eugene O. Bird, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Chief Justice Hall delivered the opinion of the Court.

The parties appear here in reverse order of their appearance in the trial court where the defendant in error, herein referred to as the plaintiff, or husband, commenced this action, the purpose of which was to obtain a divorce from the plaintiff in error, to whom we will refer as defendant, or wife.

On April 8, 1959, the husband commenced this action by filing in the District Court of El Paso County, Colorado, his complaint, wherein he alleged that for more than one year last past he had been a resident and *citizen* of El Paso County, Colorado, that the parties were married in the state of Georgia in 1950 and are husband and wife. As grounds for a divorce he charges his wife with desertion and cruelty in the statutory wording defining the same.

In apt time the defendant answered admitting the marriage and generally denying the other allegations of the complaint, and specifically alleged that:

" * * * plaintiff, at all times mentioned in the complaint, was a *citizen* of the State of Pennsylvania and still is, and that the Court lacks jurisdiction over the subject matter."

Defendant prays that the complaint be dismissed.

Trial was to the court and on January 6, 1960, the trial judge made general findings, holding that:

1.  The court does have jurisdiction.

2.  " * * * a divorce should be granted to the plaintiff upon the statutory grounds of extreme and repeated acts of cruelty consisting of inflicting mental suffering upon the plaintiff, and willful desertion of the plaintiff for more than one year preceding filing of this action * * * "

The defendant is here by writ of error seeking reversal and dismissal of the complaint; her sole conten-

tion is that the findings are contrary to the evidence and without factual support.

Evidence offered by the plaintiff and two witnesses who testified in his behalf stands uncontradicted, the defendant having elected to offer no testimony.

From the record it appears that the plaintiff, age thirty-five, was married to the defendant, age forty-two, in the state of Georgia in 1950. At the time of the marriage and for nine years prior thereto he had been in the military service of the United States as a member of the Air Force. Prior to and at the time of his marriage he was a resident of the state of New York.

After the marriage the parties purchased a home in Pennsylvania, whereupon they considered themselves residents of Pennsylvania.

During his military career plaintiff had been assigned to duty and, among other places, served in Florida, Texas, Utah, Kansas, Guam, Okinawa, New Jersey, Massachusetts, New York and Alaska. He had requested his wife to accompany him on several of these assignments where suitable living accommodations were available. She declined to do so.

In March 1957 the plaintiff, having risen to the rank of Staff Sergeant, was assigned to a three-year tour of duty at the Air Force Academy in El Paso County, Colorado. On that tour of duty he was privileged to live off the post and had the right to elect to extend the time of his tour. Prior to the time of trial he had so elected and the same had been approved.

In August of 1957, after having served at the Air Force Academy for about five months, the plaintiff, taking into consideration that he would be eligible for retirement April 19, 1962, and being persuaded that Colorado afforded many inducements and advantages for one seeking permanent residence, decided in good faith to make Colorado his permanent home and to abandon his Pennsylvania residence and to acquire a Colorado residence. In furtherance of his plan he requested his wife

to sell the home in Pennsylvania and to join him in Colorado. This request proved no more palatable to the wife than had previous requests. She declined, elected to remain in Pennsylvania, to retain her position as a telephone operator with acquired seniority rights and earned job benefits, and to forego the advantages of a home with her husband.

■ Prior to the trial plaintiff had registered to vote in Colorado, his automobile is registered in Colorado, he has a Colorado driver's license, and for several months prior to trial he has been engaged in part-time civilian employment in Colorado Springs in a field in which he intends to continue on his retirement in April 1962. Plaintiff has at all times since March 1957 been present in Colorado.

The foregoing facts form a sound basis for the finding of the trial judge, that the court had jurisdiction based on residence as defined and required by Chapter 37, Section 4, Session Laws of Colorado 1958.

The question of jurisdiction in this case is a question of fact to be determined by the trial court.

Findings of the trial court with reference thereto will not be disturbed on review unless clearly erroneous. *Coppinger v. Coppinger,* 130 Colo. 175, 274 P. (2d) 328; *Watson v. Watson,* 135 Colo. 296, 310 P. (2d) 554.

The finding of the trial judge that the defendant had wilfully deserted the plaintiff, without reasonable cause, for a period of more than one year preceding the beginning of this action is amply supported by the testimony.

The record is clear that the parties had not lived together subsequent to March 1957. The only reason for this breakdown of normal marital relationship was the wife's oft-expressed determination to retain her job which required her presence in Pennsylvania.

■ It is the duty of the wife, subject to certain exceptions, to accompany the husband to the place of residence of his selection and this is especially true when the place selected is the location of his employment out

of which funds for the support of the family are derived.

The general rule is stated in 17 Am. Jur. 337, Divorce and Separation, §121:

"As between husband and wife, the husband must provide a home for the family and has the right, acting reasonably, to choose the place where the family shall reside. It is in general the duty of the wife to submit to such determination. Her refusal, without good reason therefor, to accompany the husband to the home which he selects and provides will constitute a desertion by her."

The fact that the wife will have to give up her job if she follows her husband is not reasonable cause for her failure or refusal to join him. *Taylor v. Taylor,* 195 Ga. 711, 25 S.E. (2d) 506, 29 A.L.R. (2d) 479.

Approving, as we do, the trial court's finding that the wife has been guilty of desertion and the husband entitled to a divorce on that ground, no useful purpose would be served by considering or discussing the additional ground of cruelty urged by plaintiff.

The judgment is affirmed.

MR. JUSTICE SUTTON not participating.