497 P.2d 331 (1972)
James H. McMILLION, Plaintiff-Appellee,
v.
Bernice D. McMILLION, Defendant-Appellant.
No. 71-117.
Colorado Court of Appeals, Div. I.
May 16, 1972.
*332 Agee & Fann, Ron E. Ewing, Colorado Springs, for plaintiff-appellee.
Donald E. La Mora, Colorado Springs, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
The parties here will be referred to as husband and wife. Husband initiated this proceeding in April 1968, by filing a complaint in divorce in El Paso County. The complaint alleged statutory residency of husband who, at the time of filing, was stationed in Europe with the U. S. Air Force. As grounds for the divorce, it was alleged that the parties had lived separate and apart for more than three years under the terms of a decree of separation, dated March 16, 1965, issued by the El Paso County District Court.
Wife filed an answer denying jurisdiction of the court but admitting all other allegations of the complaint and asserting numerous defenses. She also filed a motion for her traveling and living expenses to journey from New Jersey to defend the action. That motion was denied and the matter was set for hearing. After denying wife's motion for continuance, and with the wife not present, the trial court proceeded to take testimony and entered a decree of divorce.
In a subsequent hearing for determination of alimony and attorney's fees, at which the wife was not present, defendant's motion for travel and living expenses or, in the alternative, for continuance, was also denied. The court allowed attorney's fees to the wife but denied alimony. This appeal ensued.

I.
Wife's principal contention is that the trial court had no jurisdiction over the parties since husband failed to establish that he was a bona fide resident of the State of Colorado during one year next prior to commencement of the action, as required by C.R.S.1963, 46-1-3. Her basic premise is that the testimony elicited at trial disclosed that husband was transferred to Colorado under military orders and that *333 there was an insufficient showing of a change of residency to this state from any previous domicile. She argues that husband purchased no property, conducted no business, and paid no income tax, in the State of Colorado; that his automobile was licensed in the State of Minnesota; and that since his transfer to Europe in 1966, he spent no leave time in the State of Colorado. Wife maintains that, before residency may be established, something more than physical presence and an announced intent to remain is necessary. See cases cited in Annot., 21 A.L.R.2d 1163, at 1171, and Mulhollen v. Mulhollen, 145 Colo. 479, 358 P.2d 887.
The record before us alludes to the previous separation decree entered by the same court wherein residency was alleged by husband and admitted by wife. In that action, the court determined that at that time husband was a resident of Colorado, and the trial court took judicial notice of that established fact in the present action. The determination of the fact of residency as of March 16, 1965, is res judicata as to the present action. See Farmers Elevator Co. of Sterling v. First National Bank, Colo.App., 488 P.2d 238.
It is undisputed that in the instant case the matter of residence is jurisdictional and cannot be waived by the parties, Hilliard v. Klein, 124 Colo. 479, 238 P.2d 882, and that the question of bona fide residence in the state is a matter to be resolved by the trial court. Watson v. Watson, 135 Colo. 296, 310 P.2d 554; Coppinger v. Coppinger, 130 Colo. 175, 274 P.2d 328. In reviewing this determination, under the facts before us, it is necessary to start with the proposition that husband's residence in Colorado was established as of March 16, 1965.
According to the weight of authority under statutes pertaining to jurisdiction in divorce proceedings, similar to that enacted in Colorado, the word "residence" is synonymous with the legal meaning of the word "domicile." Annot., 159 A.L.R. 496; Goodrich, Conflict of Laws § 20 (Scoles 4th ed. 1964); H. Clark, Domestic Relations § 4.1. A person's domicile, once established, continues until he acquires legal residence or domicile elsewhere. Lyons v. Egan, 110 Colo. 227, 132 P.2d 794; Kay v. Strobeck, 81 Colo. 144, 254 P. 150.
Therefore, rather than dealing with the question of whether husband was ever a resident of this state, we must here answer the question: Had husband established domicile elsewhere during the time between the 1965 decree and the filing of this action? A review of the record indicates that from facts revealed by husband's testimony, standing alone, the trial court properly concluded, in effect, that the presumption of continued domicile in Colorado had not been overcome. The wife might, however, have been able to overcome it had she been present to testify as to her defenses.

II.
Wife also complains that the court abused its discretion in denying travel and living expenses for her to attend the two hearings.
Wife's testimony would not have been able to rebut the stated ground for divorce since she did not deny in her answer that they had been living separately and apart for more than the statutory period. Nevertheless, it might have had probative value as to the issues of whether husband had changed his residence since March 16, 1965, and as to her other affirmative defenses. The same would apply to the issues of alimony and attorney's fees and, therefore, her presence in court was necessary to fully present her case.
The question raised by her motions for travel and living expenses is whether her financial condition would allow her to pay her own expenses. If she was, in fact, unable to pay these expenses, she was entitled to an order either requiring the husband to provide this expense money or continuing the matters in question until funds were available to enable her to be present. The rationale for this rule is set forth in *334 Cairnes v. Cairnes, 29 Colo. 260, 68 P. 233, wherein it is stated:
"In this connection it may be well to state, however, that, when a husband desires the luxury of a divorce from his wife, he should be compelled to pay the expenses of his wife pending the litigation; and, in cases where the wife is a nonresident of the state, if she desires to come to the state of Colorado to make a defense, she should be given an opportunity to do so, and the courts should require plaintiff to deposit in court a sum sufficient to pay the expenses of the wife from her home to the state of Colorado, to be paid to her upon her arrival here within a reasonable time, with such additional sum as may be necessary to properly defend the suit. And in case the plaintiff is unable to make reasonable provision for his wife during the pendency of the suit, the suit should be abated until he is able to do so."
See also Santo v. Santo, 120 Colo. 13, 206 P.2d 341, and Frey v. Frey, 61 Colo. 581, 158 P. 714.
This holding is consistent with the firmly established principle that in maintenance and divorce proceedings a wife has a right to be placed on an equal footing with her husband. Peercy v. Peercy, 154 Colo. 575, 392 P.2d 609; Bieler v. Bieler, 130 Colo. 17, 272 P.2d 636; Daniels v. Daniels, 9 Colo. 133, 10 P. 657. It is particularly applicable where the facts show that the wife's absence from the state is without her fault and where she may have meritorious claims difficult to pursue in absentia. State ex rel. Pearce v. Superior Court, 34 Wash.2d 768, 209 P.2d 906.
With this rule in mind, we must examine the evidence before the court when it ruled that wife was not entitled to travel expenses or to a continuance. The last affidavit which she filed with her second motion for expenses, and which does not vary materially from the affidavit filed with her first motion, showed monthly expenses of $368.13 and other liabilities of $2,727.56, excluding attorney's fees. She swore that she had no other assets whatsoever except personal clothing, household goods, and furnishings, and that her net take-home pay was $253.12 per month. Even if we assume that she had also been receiving $110 per month from her husband under the separation agreement, there is no showing in the record that any funds were available to her for payment of travel and living expenses to attend either hearing. Husband, on the other hand, had a monthly take-home pay of $592 per month, and other assets in excess of $3,000.
We have reviewed the affidavits on file which, of necessity, formed the principal basis for the trial court's ruling on wife's motions for expenses. Although the question of allowance of such expense money is within the sound discretion of the trial court, see Zook v. Zook, 118 Colo. 299, 195 P.2d 387, under all the circumstances before us and the policy of the law set forth in Cairnes, supra, we rule that the trial court abused its discretion in refusing to award the wife sufficient sums to allow her to attend the hearings and in refusing to continue the hearings until she could be present.
The other errors contended by wife are without merit.
Judgment is reversed and remanded for further proceedings not inconsistent with this opinion.
SILVERSTEIN, C. J., and SMITH, J., concur.