In re the **MARRIAGE OF Virginia L. PETERS, Appellee,**

**and**

**James D. Peters, Appellant.**

No. 93CA1293.

Colorado Court of Appeals, Div. II.

May 19, 1994.

Stephen M. Munsinger, Denver, for appellee.

Eric Ruderman, Denver, Katherine K. Nanda, Denver, for appellant.

Opinion by Judge KAPELKE.

James D. Peters (husband) appeals the denial of his motion to vacate the decree which dissolved his marriage to Virginia L. Peters (wife) and the permanent orders which divided the parties' property. We affirm.

The wife initiated this action for dissolution of the parties' marriage, and on May 15, 1992, both parties signed a separation agreement dividing their real and personal property, which was located in California and Colorado. They signed an affidavit on May 29, 1992, for entry of the decree without appearance.

On June 2, 1992, the wife also filed a petition in Nevada for annulment of the marriage. In that petition, she alleged that the marriage had been contracted in Nevada and that the parties had "no community property." The husband was served but did not answer the petition, and a default was taken. The decree of annulment, which was entered on July 14, 1992, did not address the division of the parties' property.

The parties did not advise the Colorado court of the Nevada annulment decree. On July 20, 1992, the Colorado court entered a dissolution decree and permanent orders, incorporating the property settlement agreement.

In September 1992, the husband shot and killed the wife. He was later convicted of second degree murder.

In January 1993, the husband filed a motion under C.R.C.P. 60(b)(3) seeking relief from the Colorado decree, asserting that upon entry of the annulment decree in Nevada, the Colorado court lost jurisdiction to enter orders dividing the property. The trial court denied the motion, finding that, while the Nevada court had acquired *in rem* jurisdiction, it had not entered any orders for property division.

The husband contends that the trial court erred in denying his motion and in retaining subject matter jurisdiction over the parties' property disposition after the marriage had been annulled in Nevada. We disagree.

Relief from an allegedly invalid judgment may be sought under C.R.C.P. 60(b)(3). The court must have jurisdiction over the subject matter of the issue to be decided in order for its judgment to be valid. Subject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment. In determining whether the court has such jurisdiction, reference must be made to the nature of the claim and the relief sought. *In re Marriage of Stroud*, 631 P.2d 168 (Colo.1981).

Here, it is undisputed that the Colorado court possessed both personal and subject matter jurisdiction before July 14, 1992, the date of the Nevada annulment decree. The

issue is whether the entry of that decree somehow divested the Colorado court of jurisdiction to enter orders regarding the division of the parties' property.

Under Colorado law, the district court has authority to divide the parties' property "in a proceeding for dissolution of marriage" or "in a proceeding for disposition of property following the previous dissolution of marriage by a court which at the time of the prior dissolution of the marriage ... lacked jurisdiction to dispose of the property." Section 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B). The court also has authority to divide property in connection with decrees of invalidity of marriage. Section 14–10–111(6), C.R.S. (1987 Repl.Vol. 6B).

Under Nevada law, residency in that state is not required for annulment of a marriage contracted in Nevada, and "any action brought in [Nevada] for annulment of marriage shall be an action *in rem* and in addition to annulling or declaring the contract of marriage void the courts shall regulate and determine the status of the parties." Nev. Rev.Stat.Ann. §§ 125.360 and 125.390 (Michie 1993).

The Nevada annulment statutes do not expressly address the division of property. By contrast, in Nevada dissolution of marriage proceedings, residence or domicile is required for jurisdiction, and the court must divide the parties' property. Nev.Rev.Stat. §§ 125.020 and 125.150 (Michie 1993).

Here, the Colorado court's permanent orders of property division, which incorporate the parties' settlement agreement, are not void. The Nevada annulment proceeding, which was solely an *in rem* action, determined only the status of the marriage and did not address, or purport to address, division of the parties' Colorado and California property.

Significantly, husband acknowledged and submitted to both the subject matter and personal jurisdiction of the trial court, and he signed and presented to that court the stipulated settlement agreement for purposes of incorporation into the decree and permanent orders.

Contrary to the husband's assertions, entry of the Nevada annulment decree did not deprive the Colorado court of subject matter jurisdiction to divide the parties' property under § 14–10–113(1), C.R.S. (1987 Repl.Vol. 6B) or to carry out the parties' stipulated agreement for such a property division. *See Harrod v. Harrod*, 34 Colo.App. 172, 526 P.2d 666 (1974); *see also Viernes v. District Court*, 181 Colo. 284, 509 P.2d 306 (1973).

While the Nevada court's *in rem* judgment regarding the status of the parties' marriage is entitled to full faith and credit, that decree did not oust the Colorado court of its previously acquired jurisdiction to divide marital property incidental to the termination of the marriage. Therefore, the court correctly denied the husband's C.R.C.P. 60(b)(3) motion for relief from the permanent orders.

The order is affirmed.

STERNBERG, C.J., and JONES, J., concur.