In re the **MARRIAGE OF Carol Jean AKINS, Appellee,**

and

**James Akins, Jr., Appellant.**

No. 95CA2144.

Colorado Court of Appeals, Div. I.

Jan. 23, 1997.

Thomas F. Menza, Colorado Springs, for Appellee.

Warren, Mundt & Martin, P.C., Robert B. Warren, Colorado Springs, for Appellant.

Opinion by Justice QUINN. *

In this dissolution of marriage case, James Akins, Jr., (husband) appeals from a judgment determining jurisdiction and awarding Carol Jean Akins (wife) a portion of his military pension. We vacate and remand with directions.

The parties were married in 1975 in Ohio when husband was a member of the United States Army. Wife was domiciled in Colorado Springs for 12 years while husband was on active duty. Husband resided in the marital domicile from 1982 through 1986. For employment reasons, the parties physically separated in January 1986, but husband regularly commuted to Colorado Springs to visit his family until January 1993 and paid Colorado income taxes through 1993.

In January 1994, wife filed a petition for dissolution in Colorado and obtained personal jurisdiction over husband, while husband filed a complaint for absolute divorce in North Carolina and served wife by certified mail, and wife submitted to the jurisdiction of the North Carolina court. In early 1994, husband advised the Army that he chose North Carolina, rather than Colorado, as his

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1996 Cum.Supp.)

tax domicile. In March 1994, husband refinanced the parties' home in Colorado to obtain a lower interest rate. On August 1, 1994, an absolute divorce by default was granted by the North Carolina court, but the decree did not refer to or adjudicate any property or support rights of the parties.

On August 8, 1994, temporary orders for child support and maintenance were entered in Colorado without husband's appearance, based upon the magistrate's determination that the parties had maintained a marital domicile in Colorado Springs. Thereafter, husband filed a special appearance to contest the jurisdiction of the Colorado court, and requested the court to give full faith and credit to the North Carolina decree and to limit this state's jurisdiction to issues of child custody and child support. After considering the arguments of counsel, the magistrate entered an order determining that Colorado was the marital domicile, and denied husband's request.

Husband filed a motion to review the magistrate's order beyond the fifteen days prescribed by C.R.M. 6(e)(2) for filing such a motion. Without addressing the timeliness of the motion for review, the district court agreed that Colorado was the marital domicile and affirmed the determination that Colorado had jurisdiction to enter permanent orders, including a division of husband's military pension. In doing so, the trial court concluded that it had long-arm jurisdiction over husband even though he now resided in North Carolina. The court also found that Colorado was not deprived of jurisdiction over husband merely because he left the marital domicile as a result of the deteriorating marital relationship and established a residence elsewhere. Lastly, the trial court determined that it had jurisdiction to resolve the substantive dissolution issues and that North Carolina, even if it also had jurisdiction to address those issues, had not done so. In making that determination, the court noted that Colorado had the most significant ties to the parties, the children, and the marital property, and that it was the most convenient and proper forum to completely resolve all issues between the parties.

As part of permanent orders, the trial court awarded wife a portion of the military benefits after applying a formula that took into account the lengthy separation of the parties and the wife's less significant contribution during that time.

Husband's sole contention on appeal is that the trial court lacked jurisdiction under the Uniformed Services Former Spouse's Protection Act, 10 U.S.C. § 1408(c)(4) (1994) (USFSPA), to enter orders dividing his military pension.

I.

Section 1408(c)(4) of the USFSPA states, in pertinent part, that a court may not treat the disposable retired pay of a member of the military as separate or marital property under state law unless the court has jurisdiction over the member by reason of:

(A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

■ Although some courts have construed this statute as restricting a state court's exercise of otherwise valid in personam jurisdiction, *Kovacich v. Kovacich*, 705 S.W.2d 281 (Tex.App.1986), many have concluded that § 1408(c)(4) constitutes a limitation on the subject matter jurisdiction of the state courts over military pensions. *In re Marriage of Booker*, 833 P.2d 734 (Colo.1992); *see Steel v. United States*, 813 F.2d 1545 (9th Cir.1987); *Lewis v. Lewis*, 695 F.Supp. 1089 (D.Nev.1988). We view § 1408(c)(4) as a limitation on a court's subject matter jurisdiction over military pensions.

■ The lack of subject matter jurisdiction can be raised at any time. *See In re Marriage of Finer*, 893 P.2d 1381 (Colo.App. 1995). Thus, it may be noticed at any stage of the proceeding, including appeal. *In re Marriage of Barber*, 811 P.2d 451 (Colo.App. 1991). Accordingly, we address the issue of the trial court's jurisdiction over husband's military pension even though husband's motion to review the magistrate's order was filed with the district court beyond the fifteen-day period prescribed by C.R.M. 6(e)(2).

## II.

■ Initially, we conclude that the trial court was correct in determining that it had long-arm jurisdiction to determine issues of support and the division of property other than the military pension. Section 13–1–124(1)(e), C.R.S. (1996 Cum.Supp.) provides that any person, whether a Colorado resident or not, submits to the jurisdiction of Colorado courts concerning any cause of action arising from:

The maintenance of a matrimonial domicile within this state with respect to all issues relating to obligations for support to children and spouse in any action for dissolution of marriage, legal separation, declaration of invalidity of marriage, or support of children if *one of the parties of the marriage continues without interruption to be domiciled within the state.* (emphasis added)

Thus, a spouse's affidavit that the spouse has resided and continues to reside in Colorado is sufficient for a Colorado court to exercise long-arm jurisdiction over the husband under § 13–1–124(1)(e). *See In re Marriage of Wilson,* 765 P.2d 1085 (Colo.App.1988). Furthermore, the entry of a foreign decree, such as the North Carolina decree here, which determined only the status of the marriage without addressing the division of marital property, did not deprive the Colorado court of the power to divide property exclusive of husband's military pension, and to award maintenance and child support under the Uniform Dissolution of Marriage Act. *In re Marriage of Booker, supra; In re Marriage of Peters,* 876 P.2d 114 (Colo.App.1994).

## III.

Husband claims that he did not consent to the court's jurisdiction and that, since he is now a resident and domiciliary of North Carolina, his prior domicile in Colorado cannot form the basis for the exercise of jurisdiction over his military pension at this time. Consequently, according to husband, the trial court erred in relying on long-arm jurisdiction or traditional notions of minimal contacts to acquire jurisdiction to divide his military pension. We agree, and conclude that a remand is necessary for the trial court to make more specific findings concerning its jurisdiction to divide the military pension.

■ The question whether a trial court acquires jurisdiction over a military member's pension is governed not by state rules of in-personam jurisdiction or procedure, but rather by the specific terms of the USFSPA. By virtue of the Supremacy Clause of the United States Constitution, those terms, in effect, preempt state rules with respect to a court's jurisdiction to consider the military pension as a marital asset. *In re Marriage of Booker, supra.*

■ Congress has authorized state courts to consider the status of a military pension in a dissolution proceeding on the express condition that the court has obtained personal jurisdiction over the military member in accordance with the specific statutory criteria of § 1408(c)(4). This limitation on a court's jurisdiction was apparently adopted to curtail "forum-shopping" by spouses who might file proceedings in states with favorable marital property laws but with which the military pensioner had little contact. *In re Marriage of Booker, supra.* The law was not designed, however, to permit the military pensioner to likewise "forum shop" by changing his domicile to avoid the jurisdiction of a court.

■ Specifically, § 1408(c)(4) prohibits state courts from exercising authority to determine the status of a military member's pension unless the court, as of the commencement of the action, has personal jurisdiction over the member by virtue of residence (other than because of military assignment), domicile, or consent. *Petters v. Petters,* 560 So.2d 722 (Miss.1990). Jurisdiction under the USFSPA, therefore, is more restrictive than the minimum contacts test, pursuant to which an out-of-state defendant may be subjected to the jurisdiction of the forum state. *Flora v. Flora,* 603 A.2d 723 (R.I.1992); *Southern v. Glenn,* 677 S.W.2d 576 (Tex.App.1984). Furthermore, the question of consent under § 1408(c)(4) is not whether the military member simply waived his right to contest personal jurisdiction under state procedural rules. Rather, the statutory language requires some form of affirmative conduct

demonstrating express or implied consent to general in-personam jurisdiction. *In re Marriage of Booker, supra.*

■ Here, in resolving the jurisdiction issue, the trial court determined that Colorado was the marital domicile and that longarm jurisdiction under § 13–1–124(1)(e) existed. That determination allowed the court to enter orders concerning support and maintenance. However, husband continually objected to the court's jurisdiction over his pension and asserted that he was a resident and domiciliary of North Carolina. Thus, husband did not consent to the exercise of jurisdiction under the USFSPA. Nevertheless, the trial court made no findings concerning whether jurisdiction over husband existed under § 1408(c)(4) because of his domicile.

Under the circumstances present here, it is necessary to vacate the determination that Colorado had jurisdiction to divide husband's military pension and to remand this matter for specific findings under § 1408(c)(4). Because the majority of the factual assertions concerning husband's residence and domicile were made on the basis of the pleadings, and the permanent orders hearing contains limited testimony on those matters, the trial court may in its discretion receive additional evidence concerning them. *See In re Marriage of Lee,* 781 P.2d 102 (Colo.App.1989).

## IV.

■ We last address the issue of domicile for the court's benefit on remand. The determination of the location of a spouse's domicile is a question of fact. In general, it is the place of one's actual residence with the intention to remain permanently, or for an indefinite time, and without any certain purpose to return to a former place of abode. Once established, a party's domicile continues until another one is acquired, regardless of changes in temporary sojourn. However, intention without the concurrence of residence is not sufficient to change or to create domicile. Both must coexist. *McMahon v. McMahon,* 31 Mass.App. 504, 579 N.E.2d 1379 (1991); *see McMillion v. McMillion,* 31 Colo.App. 33, 497 P.2d 331 (1972); *Southern v. Glenn, supra;* Restatement (Second) of Conflict of Laws §§ 15, 16, 17 and comment d, 18, 19, 20 (1971); 1 H. Clark, *The Law of Domestic Relations in the United States* § 4.2 (2d ed.1987).

The reference to domicile in the USFSPA was intended by Congress to mean domicile at the time the action is commenced. *Petters v. Petters, supra; see also In re Marriage of Hattis,* 196 Cal.App.3d 1162, 242 Cal.Rptr. 410 (1987). A court's jurisdiction, therefore, cannot be based upon the military spouse's past residence or past domicile in this state. *In re Marriage of Mortenson,* 409 N.W.2d 20 (Minn.App.1987).

■ Here, the trial court did not determine whether Colorado or North Carolina was husband's domicile as of the commencement of wife's action. Such a determination would be dispositive of Colorado's jurisdiction to divide the military pension under § 1408(c)(4). Because husband asserts that his domicile had changed from Colorado to North Carolina, he bears the burden to establish that fact. *Petters v. Petters, supra;* Restatement (Second) of Conflict of Laws § 19 comment c and § 20 special note. Accordingly, on remand, the trial court must make an appropriate determination of husband's domicile as of the commencement of wife's action.

That portion of the judgment dividing husband's military pension is vacated, and the case is remanded to the trial court for further findings concerning husband's domicile. If the trial court determines that Colorado was husband's domicile when wife's action was filed, then it may award wife a portion of the military pension. If the trial court determines that Colorado was not husband's domicile at that time, it may not divide the military pension in the remand proceeding.

STERNBERG, C.J., and ROY, J., concur.