**In re the MARRIAGE OF Jerome A. MALLON, Appellant,**

**and**

**Waldyne A. Mallon, Appellee.**

**No. 96CA1965.**

Colorado Court of Appeals, Div. II.

Feb. 5, 1998.

Rehearing Denied April 9, 1998.

Weaver, Oppenheim & Wittebort, P.C., Jeffrey S. Wittebort, Denver, for Appellant.

Finch & Associates, LLC, Janice M. Finch, Denver, for Appellee.

Opinion by Judge CRISWELL.

In this dissolution of marriage proceeding between Jerome A. Mallon (husband) and Waldyne A. Mallon (wife), husband appeals the trial court order vacating the permanent orders it had entered, based on its conclusion that it lacked subject matter jurisdiction over the controversy. We reverse and remand the cause for reinstatement of the trial court's previous orders.

Husband served wife with a summons and a copy of a petition for dissolution on April 5, 1994. The petition itself was not filed with the court until April 11, 1994. In the petition, husband alleged that the parties had been domiciled in the State of Colorado for a period of three months at the time the petition was filed. In her response to the petition, wife admitted husband's domicile.

At the permanent orders hearing, husband affirmed that he "had resided [in Colorado] over 90 days before we filed this" petition, and wife testified that she had lived in Colorado since January 7, 1994. Wife does not assert that either husband's representation to the court or her testimony was fraudulent, collusive, or designed to have the court accept jurisdiction when the parties knew that none existed.

The trial court, based on the pleadings and the testimony, found that it had:

both subject matter and personal jurisdiction of the parties in this matter based upon the fact that [husband] was present in the State of Colorado at least 90 days prior to the date that this matter *was filed,* and personal service on [wife] was accomplished on April 5, 1994. (emphasis added)

After finding that it had jurisdiction over the controversy, the court entered a decree of dissolution and permanent orders from which wife appealed to this court. In her appeal, wife did not assert that the trial court lacked subject matter jurisdiction or that its findings of fact upon this issue were faulty in some way. On the contrary, she accepted, at least by implication, that the court had jurisdiction over the controversy, but asserted that that court had improperly interpreted a pre-nuptial agreement of the parties. A division of this court rejected wife's arguments and affirmed the trial court's judgment. *See In re Marriage of Mallon,* (Colo.App. No. 95CA0692, April 25, 1996) (not selected for official publication).

Some 19 months after the trial court entered its orders, some three months after the opinion in her appeal was announced, and only after her later motion to modify the permanent orders had been denied, wife filed a "motion to dismiss" with the trial court, alleging that neither party had been domi-ciled in Colorado for 90 days before the commencement of the action, *i.e.,* 90 days before she was served with summons and a copy of the petition.

She asserted, therefore, that the court lacked subject matter jurisdiction over the controversy, requiring the action's dismissal.

The trial court treated wife's motion as one to vacate a void judgment for lack of jurisdiction under C.R.C.P. 60(b)(3). It granted that motion and vacated its permanent orders, which had been the subject of wife's appeal. For reasons not apparent from the record, however, it did not vacate the decree of dissolution entered in conjunction with those orders, nor did it enter any ancillary orders directing the parties to return the property or payments that had been delivered and made in compliance with those orders.

Husband argues that, because the trial court made an express determination that it possessed subject matter jurisdiction before entering its judgment, which determination was not challenged by wife in her appeal from that judgment, that finding is binding upon wife, and the doctrine of *res judicata* bars any attack upon that judgment on jurisdictional grounds now. We conclude that, while the doctrine of *res judicata* is not applicable to these circumstances, similar considerations bar wife from seeking to vacate the previous judgment on the grounds relied upon by her.

■ The doctrine of *res judicata* encompasses both claim preclusion, which is true *res judicata,* and issue preclusion, more commonly called collateral estoppel. *Res judicata* bars a second action on a claim previously litigated if there is a final judgment and identity of subject matter, claims for relief, and parties to the action. Collateral estoppel bars relitigation of an issue if it is identical to an issue actually and necessarily adjudicated at a prior proceeding, the party against whom the estoppel is asserted was a party or is in privity with a party in the prior proceeding, there was a final judgment, and the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Sharp Broth-*

*ers Contracting Co. & Sanders Co., Inc. v. Westvaco Corp.*, 878 P.2d 38 (Colo.App.1994).

■ At the same time, it is generally true that a judgment rendered by a court lacking subject matter jurisdiction over the controversy is void. *See In re Marriage of Stroud,* 631 P.2d 168 (Colo.1981). Hence, it has been said that the issue of a court's subject matter jurisdiction "can be raised at any time." *See In re Marriage of Finer,* 893 P.2d 1381, 1384 (Colo.App.1995).

■ However, it is, by no means, universally true that a judgment always remains forever vulnerable to attack on jurisdictional grounds. On the contrary, the so-called "modern rule ... gives *finality* substantially greater weight than *validity....*" Restatement (Second) of Judgments § 12 comment a (1982)(emphasis supplied). This has resulted in the recognition of several exceptions to the general rule that a judgment may be attacked "at any time" based upon the court's lack of subject matter jurisdiction.

■ Hence, if the issue of subject matter jurisdiction has been litigated and decided in the proceedings leading to the questioned judgment, "there is no reason why the determination of the issue should not thereafter be conclusive under the usual rules of issue preclusion. The force of the considerations supporting preclusion is at least as great concerning determinations of the issue of jurisdiction as it is with respect to other issues." Restatement (Second) of Judgments, *supra,* comment c.

This same analysis was adopted in *People in Interest of E.E.A. v. J.M.,* 854 P.2d 1346 (Colo.App.1992). That case involved an attempt to set aside a paternity judgment which had been rendered five years earlier without the requisite subject matter jurisdiction, but based upon an express finding of jurisdiction. Noting that the interest of requiring proper jurisdiction competed against the interest in finality of litigation, it was concluded that "public policy strongly militates against allowing further litigation that would be disruptive to family relations." *People in Interest of E.E.A. v. J.M., supra,* 854 P.2d at 1352.

*E.E.A.* emphasized that a trial court has the authority to determine its own subject matter jurisdiction. Hence, even if that court errs in making that determination, and that error could have been corrected on direct appeal, the doctrines of claim and issue preclusion bar any later attack on the trial court's original finding of jurisdiction. *See also McMillion v. McMillion,* 31 Colo.App. 33, 497 P.2d 331 (1972) (finding of trial court that husband was resident as of specific date is "*res judicata*" of that issue).

This approach has, likewise, been approved by the supreme court. *See State Compensation Insurance Fund v. Luna,* 156 Colo. 106, 397 P.2d 231 (1964) (where jurisdiction of tribunal depends upon existence of factual circumstances and tribunal finds that such circumstances exist, that determination is not subject to collateral attack, although it can be reviewed on direct appeal).

■ However, *res judicata* and collateral estoppel are applicable only to later, independent proceedings; these doctrines are not to be applied to bar a party's later assertions in the *same* litigation. Normally, it is the "law of the case," and not *res judicata* or collateral estoppel, that is to be applied to progressive arguments made in the same action. *See S.O.V. v. People in Interest of M.C.,* 914 P.2d 355, 359 (Colo.1996) ("The principles of res judicata and collateral estoppel have no applicability to prior rulings in the same pending case."); *Kuhn v. State, Department of Revenue,* 897 P.2d 792, 795 (Colo.1995) ("[R]es judicata is not applicable to earlier decision in the same lawsuit...."). Further, "[a]pplication by a trial court of law of the case to its prior rulings is a discretionary rule of practice." *Kuhn v. State Department of Revenue, supra,* (fn. 5).

■ Nevertheless, the law of the case is applicable only to a *pending* lawsuit. *See S.O.V. v. People in Interest of M.C., supra.* And, if, as here, a final judgment has entered terminating that litigation, C.R.C.P. 60(b) recognizes that there may exist two methods to have that judgment set aside—either by a motion filed in the same action pursuant to that rule or "by an independent action."

*Res judicata* and collateral estoppel would apply if an independent action were commenced. For this reason, the same substantive policies and analysis as would be used in considering whether those doctrines should bar an independent action are used in determining whether a judgment should be vacated pursuant to rules comparable to C.R.C.P. 60(b)(3). *See generally* Restatement (Second) of Judgments, *supra,* § 69 ("A judgment rendered in a contested action may be avoided in the circumstances stated in § 12 [describing when *res judicata* will not bar attack upon previous judgment], except when relief should be denied in order to protect a justifiable interest of reliance on the judgment."). *See also Sturgill v. Sturgill,* 61 Ohio App.3d 94, 101, 572 N.E.2d 178, 182 (1989) ("The only reason for permitting a post-judgment attack on jurisdiction under Rule 60(B)[Ohio rule equivalent to C.R.C.P. 60(b) ] is to permit parties to do directly what they may do indirectly by collateral attack. Where the parties cannot collaterally attack a judgment for lack of jurisdiction ..., there is no reason to permit a belated direct attack under Rule 60(B).").

Consistent with this analysis, several courts have refused to vacate a judgment in proceedings initiated by a post-judgment motion on grounds similar to those considered in determining whether *res judicata* or collateral estoppel would bar an independent collateral attack upon that judgment. *See Daly v. Daly,* 19 Conn.App. 65, 561 A.2d 951 (1989); *In re Marriage of Monken,* 255 Ill. App.3d 1044, 194 Ill.Dec. 422, 627 N.E.2d 759 (1994); *Sturgill v. Sturgill, supra.*

Indeed, although the opinion in *People in Interest of E.E.A. v. J.M., supra,* refers to "claim preclusion" and "issue preclusion," terms normally associated with the doctrines of *res judicata* and collateral estoppel, the proceedings there, as here, involved a direct attack upon the judgment by motion under C.R.C.P. 60(b)(3). And, its persuasive analysis we consider to be dispositive of wife's assertions here.

Of course, we do not address the issue whether a judgment entered after an express finding of jurisdiction can be set aside if that finding were procured by perjury, collusion, or fraudulent means. *See* C.R.C.P. 60(b)(2) (judgment may be set aside for fraud, misrepresentation, or other misconduct). No such claim is made here.

Wife does not dispute that the dissolution court was the proper forum to determine its own subject matter jurisdiction. Nor does she argue that that court did not make an express, affirmative determination upon that issue. She argues only that the court erred in law because it relied upon husband's presence in the state for more than 90 days before the petition for dissolution was filed, although the pertinent jurisdictional statute required one of the parties' presence for 90 days or more before wife was served. Yet, she failed to contest this determination in the trial court before it entered its judgment, and she failed to designate that determination as the basis for a claim of error in her later appeal to this court.

Indeed, she allowed the judgment based upon that determination to become final without objection to the court's jurisdiction. She now seeks, several years later, to relitigate an issue that she had a full and fair opportunity to litigate in the original proceeding.

Under these circumstances, we hold that wife is precluded from attacking the subject matter jurisdiction of the trial court through a C.R.C.P. 60(b)(3) motion and that the trial court erred in granting wife's motion.

The order of the trial court is reversed, and the cause is remanded to that court with directions to reinstate all orders previously entered by it.

JONES and TAUBMAN, JJ., concur.