23CA1603 Marriage of Gillispie 09-05-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1603 Jefferson County District Court No. 19DR1924 Honorable Randall C. Arp, Judge In re the Marriage of Justin Gillispie, Appellant, and Kelsey Gillispie, Appellee. ORDER AFFIRMED Division V Opinion by JUDGE FREYRE Grove and Lum, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced September 5, 2024 Justin Gillispie, Pro Se No Appearance for Appellee 
 1 ¶ 1 Kelsey Gillispie (mother) filed a section 14-10-129.5, C.R.S. 2024, motion against Justin Gillispie (father) concerning disputes over parenting time for their only child. After a magistrate granted the motion, the district court, on review, entered an order adopting the magistrate’s decision. Father now appeals the district court’s order, and we affirm. I. Relevant Facts ¶ 2 The parties were married in 2015 and share one child. The marriage deteriorated, culminating in a domestic violence incident committed by mother against father in December 2019. She was later arrested and charged with misdemeanor domestic violence and violation of a protection order. Soon after, father filed a petition for dissolution. ¶ 3 In 2020, the district court issued a dissolution decree incorporating the parties’ stipulated parenting plan. Under the plan, father would be the child’s primary residential parent until early 2021, at which time the parties would share equal parenting time. The plan also provided that the parties would transition to joint decision-making responsibility upon mother successfully 
 2 completing the terms and conditions of her probation. An expert report, which detailed the domestic violence incident, was instrumental in formulating the plan. Mother was ultimately successful in completing her probation. ¶ 4 In July 2021, the district court approved the parties’ mediated agreement, which outlined a specific parenting time schedule. ¶ 5 On October 27, 2022, mother filed a motion for the “enforcement of [the] parenting plan,” alleging that father was refusing to return the child. Later that day, the district court entered an order stating that it would take “no action,” on the motion, but it reminded the parties that they were obligated to follow the July 2021 order. ¶ 6 Mother filed numerous subsequent motions, but a magistrate denied them all, resulting in her not having parenting time for the next several months. Of note, the magistrate denied mother’s motion concerning parenting time disputes under section 14-10-129.5 because she did not confer with father beforehand and did not attempt mediation as required under the parenting plan. 
 3 ¶ 7 On February 7, 2023, the district court ordered the parties to resume their equal parenting time schedule. Two weeks later, mother filed another section 14-10-129.5 motion to address her denied parenting time from October 27, 2022, through February 7, 2023. Father did not respond to the motion, and the court set an evidentiary hearing for May 15, 2023. ¶ 8 On the day of the hearing, father filed a motion to continue, asserting, among other things, that he had not been adequately served with mother’s motion. The magistrate orally denied the motion. The magistrate then heard testimony from both parties. After the close of the evidence, the magistrate entered “detailed” oral findings and conclusions of law. The subsequent written order includes the following findings: • Father withheld the child from mother for approximately four months. • Father gave no justifiable reasons for not giving mother her scheduled parenting time. 
 4 • Father’s “deviations from the parenting time schedule were not in the child’s best interests and caused negative emotional impact for the child.” • The child must receive immediate “emotional treatment” from a therapist. • Mother successfully met her burden of proof by showing that father had been, or was likely to be, in substantial noncompliance with the parenting time order. As remedial orders, the magistrate, finding it in the child’s best interests, (1) gave mother makeup parenting time; (2) directed the parties to enroll the child in therapy; (3) granted mother sole decision-making responsibility over the child’s medical care; and (4) awarded mother her attorney fees incurred to enforce the parenting time order. ¶ 9 Father petitioned for district court review of the magistrate’s decision. As part of the petition, he asked the court to consider newly discovered evidence. According to him, new evidence showed that mother perjured herself when testifying that she was unaware of an October 2022 police investigation into the child’s abuse 
 5 allegations against her significant other. The district court adopted the magistrate’s decision and in doing so, denied father’s newly discovered evidence claim because it could have been presented at the hearing and would not have changed the outcome of the case. The court noted that father did not file the hearing transcript, which included the magistrate’s oral ruling. II. Missing Transcript ¶ 10 As in the district court, father did not submit the hearing transcript as part of the appellate record. As the appellant, it is his responsibility to “include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal.” C.A.R. 10(d)(3). His failure to include all transcripts is significant because, without a complete record, we must presume that the omitted portions would support the magistrate’s findings and conclusions. See In re Marriage of Dean, 2017 COA 51, ¶ 13 (“Where the appellant fails to provide . . . a transcript, the reviewing court must presume that the record supports the judgment.”); In re Marriage of Beatty, 2012 COA 71, ¶ 15 (where the record is incomplete, the appellate court must assume that the evidence 
 6 supports the district court’s findings); see also McCall v. Meyers, 94 P.3d 1271, 1272 (Colo. App. 2004) (“A party cannot overcome a deficiency in the record by statements in the briefs.”). Our review must include all the evidence, both favorable and unfavorable to father. ¶ 11 Although we recognize that father appears pro se, he is bound by the same rules of procedure as attorneys. See Yadon v. Southward, 64 P.3d 909, 912 (Colo. App. 2002); see also Dean, ¶ 12; Rosenberg v. Grady, 843 P.2d 25, 26 (Colo. App. 1992) (“A pro se litigant who chooses to rely upon his own understanding of legal principles and procedures is required to follow the same procedural rules as those who are qualified to practice law and must be prepared to accept the consequences of his mistakes and errors.”). III. Parenting Time Disputes A. Appellate Standard of Review ¶ 12 Our review of a district court’s order is effectively a second layer of appellate review, and we must accept a magistrate’s factual findings unless they are clearly erroneous. In re Marriage of Thorburn, 2022 COA 80, ¶ 25; see C.R.M. 7(a)(9). A court’s factual 
 7 findings are clearly erroneous only if there is no record support for them. Thorburn, ¶ 25. We review the magistrate’s legal conclusions de novo. See In re Parental Responsibilities Concerning S.Z.S., 2022 COA 105, ¶ 11. B. Governing Law ¶ 13 Section 14-10-129.5 governs disputes over parenting time. If, after a hearing, the court finds that a party has not complied with a parenting time order or schedule, it may impose remedial orders. § 14-10-129.5(1), (2)(b). In this context, the court may order makeup parenting time, enter “[a]ny other order that may promote the [child’s] best interests,” or require the party who has failed to provide court-ordered parenting time to pay the aggrieved party’s attorney fees. § 14-10-129.5(2)(d), (h), (4). C. Discussion 1. Continuance ¶ 14 Father first contends that the magistrate erred by denying his motion for a continuance. We disagree. ¶ 15 A continuance of a hearing “shall be granted only for good cause,” C.R.C.P. 121, § 1-11, meaning that “there are unforeseen and exceptional circumstances requiring a continuance.” Miller v. 
 8 Brannon, 207 P.3d 923, 932 (Colo. App. 2009). The burden is on the moving party to show good cause for a continuance. See In re Marriage of Lorenzo, 721 P.2d 155, 156 (Colo. App. 1986). ¶ 16 The decision to grant or deny a continuance is a matter entrusted to the sound discretion of the district court, and the court’s decision will not be disturbed on review absent a clear abuse of that discretion. In re Marriage of Rodrick, 176 P.3d 806, 814 (Colo. App. 2007); see People in Interest of E.B., 2022 CO 55, ¶ 14. A court abuses its discretion when its ruling is manifestly arbitrary, unfair, or unreasonable or when it misapplies the law. E.B., ¶ 14. In determining whether a court abused its discretion, the appellate court must consider the totality of the circumstances as reflected by the record. Id. ¶ 17 On February 21, 2023, mother filed her second section 14-10-129.5 motion and served father by email. ¶ 18 On March 22, 2023, the magistrate determined that while father did not file a response to the motion, there was not enough information to enter a default ruling, and, as a result, set the matter for an evidentiary hearing. 
 9 ¶ 19 On April 6, 2023, mother filed a notice with a hearing date of May 15, 2023; again, the certificate of service indicated that it was served on father via email. ¶ 20 Father filed a motion for a continuance on the day of the hearing. He asserted that he could not respond to mother’s section 14-10-129.5 motion because he did not receive a copy until May 9, 2023. In the end, he sought a continuance “to retain counsel and have an opportunity to examine all the claims and relevant law.” The magistrate denied his request. ¶ 21 Without a transcript, we must presume the magistrate’s denial of father’s request for a continuance on the hearing date was proper and that he received adequate notice of mother’s section 14-10-129.5 motion. See Dean, ¶ 13; see also Rodrick, 176 P.3d at 814. ¶ 22 Father also argues that because he never consented to service by electronic means as required under C.R.C.P. 5(b)(2)(D), the magistrate erroneously held him in default or “allowed a default hearing to proceed.” He is mistaken. The magistrate did not enter a default or a default judgment. Instead, the magistrate set a 
 10 contested hearing on mother’s section 14-10-129.5 motion, at which father appeared and participated. 2. Claim Preclusion (Res Judicata) ¶ 23 Father contends that mother’s section 14-10-129.5 motion was barred by the principle of claim preclusion (formerly res judicata). See In re Parental Responsibilities Concerning T.L.B., 2012 COA 8, ¶ 39. He reasons that mother filed numerous motions, including a prior section 14-10-129.5 motion, addressing the “same subject matter” as her latest section 14-10-129.5 motion, all of which the court had already denied. We are not persuaded. ¶ 24 We review legal determinations, such as the applicability of the doctrine of claim preclusion, de novo. Madalena v. Zurich Am. Ins. Co., 2023 COA 32, ¶ 64. ¶ 25 Claim preclusion bars a second action on a claim that was, or could have been, litigated in a prior proceeding. T.L.B., ¶ 39; In re Marriage of Tozer, 2017 COA 151, ¶ 10. Its purpose is to prevent needless litigation. In re Marriage of Aragon, 2019 COA 76, ¶ 23. ¶ 26 Similarly, the related doctrine of issue preclusion (formerly collateral estoppel) “prevents the re-litigation of discrete issues, 
 11 rather than causes of action.” Nation SLP, LLC v. Bruner, 2022 COA 76, ¶ 17 (quoting Foster v. Plock, 2017 CO 39, ¶ 13). “Under this doctrine, once a particular issue is finally determined in one proceeding, parties to this proceeding are barred from re-litigating that particular issue again in a second proceeding, even when the actual claims for relief in the two proceedings are different.” Foster, ¶ 13. ¶ 27 However, claim preclusion and issue preclusion apply only to later, independent proceedings; these doctrines are not used to preclude a party’s later assertions in the same litigation. In re Marriage of Mallon, 956 P.2d 642, 645 (Colo. App. 1998); Tozer, ¶ 10. ¶ 28 Because the magistrate’s decision granting mother’s section 14-10-129.5 motion was entered in the same proceeding and not in a later, independent one, it is not barred by claim or issue preclusion. See Tozer, ¶ 11. ¶ 29 But because father is pro se, we must interpret his pleadings liberally. See Minshall v. Johnston, 2018 COA 44, ¶ 21. 
 12 His assertion, as best we understand it, centers on the applicability of the law of the case doctrine. See Mallon, 956 P.2d at 645. This doctrine recognizes that prior relevant rulings made in the same case will be followed unless such application results in error or the ruling is no longer sound due to changed conditions. Stockdale v. Ellsworth, 2017 CO 109, ¶ 37. The doctrine, however, is discretionary when applied to a district court’s own prior rulings. In re Marriage of Burford, 26 P.3d 550, 554 (Colo. App. 2001); see Stockdale, ¶ 37 (A district court “is not inexorably bound by its own precedents.” (quoting Brodeur v. Am. Home Assurance Co., 169 P.3d 139, 149 (Colo. 2007))). It does not preclude the court from clarifying or even revisiting its prior rulings. S. Cross Ranches, LLC v. JBC Agric. Mgmt., LLC, 2019 COA 58, ¶ 40. ¶ 30 Because the application of the law of the case doctrine is discretionary and father has failed to articulate how the magistrate abused its discretion, we discern no error. See Burford, 26 P.3d at 554; see also S. Cross Ranches, ¶ 40. In any event, the record establishes that the court did not reach the merits of mother’s 
 13 allegations of father’s noncompliance with the parenting time order until after resolving her section 14-10-129.5 motion. 3. The Magistrate’s Finding of Noncompliance with the Parenting Time Order or Schedule ¶ 31 Next, father contends that (1) his evidence “absolutely” proved that he did not “arbitrarily” withhold parenting time from mother; and (2) the magistrate failed to recognize that mother’s section 14-10-129.5 motions were another attempt at committing domestic violence against him. ¶ 32 But father’s contention essentially asks us to reweigh the evidence and make credibility assessments, which we cannot do. See Thorburn, ¶ 49 (it is for the district court to determine witness credibility and the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn therefrom); see also In re Marriage of Amich, 192 P.3d 422, 424 (Colo. App. 2007) (The district court “can believe all, part, or none of a witness’s testimony, even if uncontroverted, and its resolution of conflicting evidence is binding on review.”); In re Marriage of Hatton, 160 P.3d 326, 329-30 (Colo. App. 2007) (we may presume that the 
 14 district court considered all of the evidence before it). Moreover, in the absence of the hearing transcript, we must presume the evidence supports the magistrate’s findings and ultimate determination that he violated the parenting time order or schedule. See Dean, ¶ 13; see also Beatty, ¶ 15. ¶ 33 Father also appears to argue that the district court on review erred by not accepting his newly discovered evidence. He specifically references a police report, and claims that it proves mother committed perjury by testifying that an October 2022 investigation into child abuse allegations never happened. But apart from referencing the report, he does not explain why he was unable to provide the report or the information it contains at the hearing. Therefore, we do not address this undeveloped argument. See In re Marriage of Zander, 2019 COA 149, ¶ 27, aff’d, 2021 CO 12. 4. Constitutional Violations ¶ 34 Father asserts numerous state and federal constitutional violations. But he did not raise them in his petition for review with the district court. Thus, we will not address them now. See People 
 15 in Interest of K.L-P., 148 P.3d 402, 403 (Colo. App. 2006) (a party seeking review of a magistrate’s decision with the district court must raise an issue with particularity in the petition so that the district court can review and correct any error by the magistrate); see also City & Cnty. of Broomfield v. Farmers Reservoir & Irrigation Co., 239 P.3d 1270, 1276 (Colo. 2010) (“We do not consider constitutional issues raised for the first time on appeal.”). ¶ 35 While father raised the issue that the magistrate erred by denying him his statutory rights as a victim of domestic violence, a claim rejected by the district court, we decline to review the issue as undeveloped. See Zander, ¶ 27. 5. Remedial Orders ¶ 36 Father contends that the magistrate erred by imposing the remedial order that gave mother sole responsibility over the child’s medical care. Specifically, he claims that (1) the magistrate gave no reasoning for the modification from joint to sole decision-making responsibility; (2) the magistrate disregarded the fact that he was a victim of mother’s domestic violence; (3) mother intends to wield sole decision-making responsibility as a “weapon”; and (4) mother 
 16 disregarded her obligations under the prior joint decision-making responsibility arrangement. ¶ 37 However, without the benefit of the hearing transcript, we must presume, like the district court, that the magistrate made all the necessary findings, that the record supports such findings, and that the magistrate’s remedial order is correct. See Dean, ¶ 13; see also Beatty, ¶ 15. ¶ 38 For the same reasons, we reject father’s contention that the magistrate erred by awarding mother her attorney fees in connection with her section 14-10-129.5 motion. 6. Bias ¶ 39 Last, father contends that the magistrate exhibited bias against men because mother’s victory “should never have occurred.” But adverse rulings, without more, do not establish bias. See Dean, ¶ 24; see also People v. Schupper, 2014 COA 80M, ¶ 59 (the record must clearly establish bias, and there must be more than speculation). IV. Disposition ¶ 40 The order is affirmed. 
 17 JUDGE GROVE and JUDGE LUM concur.